## Stoll's Admr, et al v. Tarr, et al.

(Decided December 15, 1910.)

## Appeal from Bourbon Circuit Court.

1. Trusts and Trust Estates—Settlement of—Jurisdiction of Circuit Courts.—The circuit court by reason of its jurisdiction of all matters of equitable cognizance, has general control of trusts and trust estates subject to such regulations and restrictions as may be imposed by legislative enactment.

2. Assignments of Deed—Authority of Court to Appoint Trustees—Benefit of Creditors.—In the matter of assignments by deed for the benefit of creditors the county court by the statute gives the power to remove and appoint trustees and also supervisory jurisdiction of the enforcement of trusts created by deed.

3. Action Allowed—Brought by Assignee or Creditor—Representative of Deceased Assignee.—Sec. 96, Ky. Stat. does not authorize the action instituted by appellants in the circuit court. The action it allows must be brought by the assignee or by any creditor or creditors representing as much as one-fourth of the liabilities of the estate assigned. Appellees are not assignees under the deed of assignment made by appellee Tarr, nor are they creditors of the estate assigned. They are simply the personal repre-

sentatives of the deceased former assignee of the estate assigned and therefore merely debtors of the estate. They represent the estates of the deceased assignees and do not in any sense represent the creditors of the estate. This being true they belong to a class excluded by the statute from maintaining the action therein allowed.

4. Deed—Title Vested—Statutory Rights.—While, as provided by Sec. 75, Ky. Stat., the deed from Tarr to appellant's decedent, vested in the latter as assignee the title to all the estate real and personal that it conveyed, their death divested them of the title, and upon the appointment and qualification of appellee Pearce, as assignee, it passed to him and he therefore became, as declared by Sec. 76, of the statute vested with the same rights, powers and responsibilities with respect to the estate assigned, as if named in the deed as assignee.

5. Limited Jurisdiction—Statutes—Courts.—Section 86, Ky. Stat., is but a limtation upon the jurisdiction of the circuit court to entertain a suit to settle an estate assigned, and unless the action is instituted by the assignee in person or by a creditor or creditors representing one-fourth in amount of the liabilities of the estate, the circuit court is not permitted to assert jurisdiction.

6. Power of Circuit Court—Meaning of Section Ninety-Six.—That part of Sec. 96 which provides that the circuit court shall have all the power and authority to administer and settle the assigned estate conferred on the county court by the act "in addition to its power and authority heretofore existing as a chancery court" * * * only means that if the circuit court once acquires jurisdiction through the institution of an action it will not thereby be restricted to such powers only as may be exercised by the county court, but may exercise others not belonging to the county court, which appertain independent of the statute to courts of equity jurisdiction and thereby effect a speedy and complete settlement of the estate assigned.

GEO. C. WEBB, STOLL & BUSH and S. M. WILSON for appellant.

C. A. McMILLAN, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Wm. Tarr, being financially embarrassed, by a deed of date May 22, 1887, assigned and conveyed his property, real and personal, to R. P. Stoll, and J. S. Stoll, for the benefit of his creditors.

The assignees, as shown by the orders of the Bourbon county court, duly accepted the trust and qualified by executing the required bond and taking the necessary oath.

The assignor thereupon filed in the Bourbon county court a schedule of his assets and liabilities and the assignees proceeded to the performance of their duties by making sales of the property assigned, collecting such debts as were due the estate and making distribution of the proceeds among the latter's creditors.

The sales of property were reported by the assignees from time to time to the Bourbon county court. Before the assigned estate was fully distributed or a settlement had of their accounts, the assignees died; R. P. Stoll in March, 1903, and J. S. Stoll in May, 1908. The appellant, J. W. Stoll was appointed and qualified as administrator of the estate of the former, and the appellant, the Security Trust Company, of Lexington, administrator of the estate of the latter. On June 5th, 1909, the appellee, L. E. Pearce, was by an order of the Bourbon county court appointed assignee of Wm. Tarr under the deed of assignment from the latter to the Stolls. Pearce accepted the trust and at once qualified by giving bond and taking the required oath, and on June 29th, 1909, the Bourbon county court issued and had served upon the appellants, J. W. Stoll and the Security Trust Company as administrators, respectively, of the estates of R. P. Stoll and J. S. Stoll, deceased, a rule requiring them to make a settlement of the accounts of the deceased, as assignees of Wm. Tarr under the deed from the latter, by July 10th, 1909.

Appellants in obedience to the order of the county court and on the date indicated therein, filed a writing purporting to contain a settlement of the accounts of the deceased assignees of Tarr, which showed that they had received as assets of the estate assigned $130,402.35, and distributed $127,192.02, leaving a balance of $3,210.35 due the estate assigned, and this balance the appellants claimed the right to retain and appropriate in payment of commissions due the estate of the assignees, and attorneys' fees.

Appellee, Pearce, the present assignee, and certain creditors of Tarr, filed in the county court exceptions to the settlement and were given time to produce proof in support thereof. Before the desired proof was completed or a trial had of the exceptions, appellants brought this action in the Bourbon circuit court praying, in substance, a settlement in that court of the accounts of the deceased assignees, at least to the extent that the estate assigned by Wm. Tarr had been administered by

them; that the proceedings as to the settlement pending in the county court be suspended and the papers and record thereof transferred to the circuit court; and further, that a trustee or receiver be appointed by the circuit court to take charge of and administer the trust, in so far as it had not already been executed. Pearce, the present assignee, Wm. Tarr, assignor in the deed to the Stolls, and his creditors, were made parties defendant to the action. They filed demurrers to the petition as amended which the circuit court sustained and dismissed the action. From the judgment manifesting these rulings the latter have appealed.

The two questions presented on the appeal are:

1st. Had the Bourbon county court jurisdiction to appoint a new assignee to succeed the two named in the deed of assignment from Tarr, the death of both of whom occurred before full execution of the trust?

2d. Had the personal representatives of the deceased assignees, the right to bring in the Bourbon circuit court, an action for the complete settlement of the assigned estate?

Appellants insist that to the first of these questions a negative answer should be given, but that the last should receive an affirmative answer.

By chapter 7, Kentucky Statutes (act of March 16, 1894) original jurisdiction of estates assigned for the benefit of creditors is given the county courts of the counties in which the assignees qualify. Section 75 provides that the deed of assignment "shall vest in the assignee the title to all the estate, real and personal, with all deeds, books and papers relating thereto, belonging to the assignor at the time of the assignment, except the property exempt by law shall not pass unless embraced in the deed."

Section 76 requires that when the deed is lodged for record or within seven days thereafter, the assignee shall "execute a bond with good surety, to be approved by the county judge, conditioned for the faithful discharge of his duties as assignee." The same section further provides: "If the person named in the deed as assignee fails for any cause to qualify within the time named, or fails within said time to execute a sufficient bond, the county judge shall, by order entered of record, appoint an assignee, who shall within five days give bond with good surety, and thereupon shall be vested with the same rights, powers and responsibilities with respect to

the estate assigned as if named in the deed as assignee."

Section 77 empowers the county court at any time, upon its own motion or that of any party in interest to require the assignee, after ten days' notice, to execute a new bond or give additional security on one previously executed, and upon his failure to give the new bond or additional security within the time fixed by the court, to remove him and appoint another in his stead.

Section 78, authorizes the county court to allow the assignee to resign his trust and to discharge him from liability, after he shall have settled his accounts and the settlement is confirmed.

Section 89 provides:

"If an assignee shall reside out of the state, or become insane or otherwise incapable of discharging the trust, the court may, upon ten days' notice to him or his attorneys or committee, remove him and appoint another in his stead; or, if creditors representing one-half in number and two-thirds of the amount of the debts against the estate shall so request, in writing, the court shall remove the assignee and appoint another in his stead."

Section 80 authorizes the county court to release the sureties, or any of them on the bond, or to require that they be indemnified, as provided by section 4059, Ky. Stats., applying to the release or indemnity of sureties on official bonds.

It is manifest that the appointment by the county court of the appellee, Pearce, as assignee of the estate assigned was authorized. While the statute, supra, does not in express terms provide for the appointment of an assignee to succeed one previously appointed, but whose death prevented full execution of the trust, the power of that court to do so necessarily arises from the complete jurisdiction and control of estates assigned given it by the statute. If it may, as allowed thereby, appoint or remove the assignee in every other conceivable state of case, it may, in the event of his death pending a settlement of the estate assigned, appoint another to succeed him. Indeed, the death of the two assignees named in the deed from Tarr created a vacancy in the assigneeship which the county court was empowered to fill by appointing the appellee Pearce, as it would fill a vacancy made by the non-residency or removal of an assignee, or his failure to execute bond within the period fixed by the statute.

As before remarked section 79 of the statute, supra, declares that the county court may exercise the power to remove and appoint.

"If an assignee shall reside out of the state, or become insane, or otherwise incapable of discharging the trust * * *."

Certainly, nothing could more surely render an assignee incapable of discharging the trust, than death.

It is, however, urged by appellants that the appointment of the present assignee was illegal because made without notice to them. In reply to this objection we deem it sufficient to say that notice of the appointment was unnecessary as it was to fill a vacancy caused by the death of the former assignees. By the provisions of the statute notice seems to be required only when the appointment results from and in connection with the removal of a former assignee for any of the causes therein enumerated. In other words, the giving of the notice is a condition precedent to the removal of an assignee, or in requiring him to give a new bond or additional security.

It is intimated by counsel for appellants that the power to appoint an assignee in this case was and is in the Bourbon Circuit Court. Trustees are often appointed by the circuit court, but that court does not appoint where the statute controlling the performance of the trust or the instrument creating it, confers that power or the power to approve the appointment, upon the county court.

The circuit court, by reason of its jurisdiction of all matters of equitable cognizance has general control of trusts, and trust estates, subject to such regulations and restrictions as may be imposed by legislative enactment. Its power to appoint a trustee is usually exercised in pursuance of express authority conferred by will or deed, or in cases where the power of appointment not having been elsewhere lodged, its exercise by a court of equity is nevertheless necessary to prevent a failure of the trust. But in the matter of assignment by deed for the benefit of creditors, the county court by the statute, supra, is given the power to remove and appoint, and also supervisory jurisdiction of the enforcement of trusts created by such deeds.

Appellants remaining contention, that they had the right to maintain the action in the Bourbon circuit court for a settlement of the accounts of the deceased as-

signees, now demands our consideration. This conten-
tion is based on section 96 of the statute, supra, which
provides:

"The provisions of this chapter shall not prevent ac-
tions to settle estates by the assignee, or by any credi-
tor or creditors representing one-fourth of the liabilities,
from being brought in the circuit court: Provided, That
whenever a suit involving a settlement of the estate shall
be brought in the circuit court of the county in which the
assignment is made, the jurisdiction of the county court
shall cease, and all papers relating to the estate, and
filed in the county court, shall be transmitted by the
clerk thereof to the clerk of the circuit court, and by him
filed in such court; (and the said circuit court shall have
all the power and authority to administer and settle up
the assigned estate conferred on the county court by this
act, in addition to its power and authority heretofore
existing as a chancery court, and the assignee shall have
full power and authority to sell the personal and real
property belonging to the assigned estate at public or
private sale, and to convey and pass all the right and
title to the same which the grantors had in the deed of
assignment at its date; and said assignee shall, within
ten days after such sale, report same to the circuit court
in which the suit for assignment of the estate is pending
and such report shall, thereupon be laid over ten days
for exceptions, and if no exceptions are filed within that
time same shall thereupon be confirmed. If exceptions
are filed then such exceptions shall be heard and de-
termined by the court)."

It will be observed that the sections preceding this
one, confer upon the county court full power to enforce
the trust imposed by the deed of assignment, including
authority to require the assignor to file a schedule, under
oath, setting forth the general nature and full value of
the estate assigned, together with a list of the names of
the creditors and their postoffice address, the amount due
each, and whether secured by lien or not; compel the
presence of the assignor or that of any of his debtors in
open court and their examination under oath touching
any matter with respect to the condition of the estate or
its management. Control by the court of the assignee
and of the estate assigned is even more broadly con-
ferred; it may require of the assignee the filing of inven-
tories from time to time of all assigned property or as-
sets received by him; also the filing of reports showing

sales of property, compel a settlement of his accounts and discharge him and his sureties from liability, after the assets of the assigned estate shall have been distributed to the creditors and his accounts settled. It will further be observed that the Legislature in conferring the above powers upon the county courts had in contemplation a speedier settlement of estates assigned than can be had through the slower processes of the circuit court, for section 89 of the statutes provides: "All orders and proceedings in the county court, except as herein provided, shall be exparte, and upon motion, and in no case need a petition be filed nor shall a motion or summons be issued to any person unless the court so orders, or some person in interest requests it; but when exceptions are filed to a claim or report, the party affected thereby shall have ten days notice of the time when the same will be heard."

The statute also provides that any of the parties in interest may file exceptions to reports of settlements made by the assignee, and allows an appeal from the judgment of the county court, overruling or sustaining such exceptions. The appeal must be taken in the same time and in the manner appeals are taken from the quarterly to the circuit court, but where an appeal is taken to the circuit court, "the judgment of the circuit court shall direct the county court what order to enter in the case appealed, and the order so directed to be entered shall be made by the county court at its first regular session held thereafter. If an appeal is prosecuted from the circuit court to the Court of Appeals, the circuit court shall in like manner certify the judgment to the county court." Sections 87 and 88.

In our opinion, section 96 of the statute, supra, does not authorize the action instituted by appellants in the circuit court. The action it allows must be brought by the assignee, or by any creditor or creditors representing as much as one-fourth of the liabilities of the estate assigned. Appellants are not assignees under the deed of assignment made by Tarr nor are they creditors of the estate assigned. They are simply the personal representatives respectively, of the deceased former assignees of the estate assigned, and, therefore, merely debtors of the estate. They represent the estates of the deceased assignees and do not in any sense represent the creditors of the estate assigned, and this being true they belong to a class excluded by the statute from maintaining the action therein allowed.

While as provided by secton 75 of the statute the deed from Tarr to appellants' decedent vested in the latter as assignees, the title to all the estate, real and personal it conveyed, their death divested them of the title, and upon the appointment and qualification of the appellee, Pearce, as assignee, it passed to him and he thereupon became, as declared by section 76 of the statute, "vested with same rights, powers and responsibilities with respect to the estate assigned, as if named in the deed as assignee."

In Black, Trustee v. Chappell, decided December 7th, 1910, we held, that the common law rule by which the title to real or personal estate conveyed in trust for a specific purpose, descended at the death of the trustee, to his heirs at law, did not apply to property conveyed by deed of assignment for the benefit of creditors, but that the title in the latter case passed upon the death of the assignee named in the deed to the assignee appointed by the county court to succeed him, and that the rule of the common law had been abrogated by the statute, supra.

If the action in the circuit court allowed by section 96 be brought by any person authorized thereby to bring it, the jurisdiction of the county court over the estate assigned would at once cease, and even the papers relating to the estate filed in the county court would have to be transmitted by the clerk thereof to the clerk of the circuit court, and thereafter any further control of the estate assigned, including the settlement thereof, would be in the hands of the circuit court alone. But if the jurisdiction of that court is invoked, it must be by a person authorized by the section, supra, to do so.

In Mattingly v. Elder, Exr., 19th R., 1643, it was held that creditors who did not represent as much as one-fourth of the liabilities of the estate assigned were precluded by section 96 of the statute from bringing a suit in the circuit court for the settlement thereof.

In the opinion it is said:

"The object of the section, supra, is to prevent creditors representing less than one-fourth of the liabilities from bringing suits in the circuit court to settle the estate, and it seems to us a wise and proper provision and intended and calculated to facilitate settlements of such estates without incurring the immense bills of costs usually attending a settlement of such estate by a suit in the circuit court."

After all, section 96 is but a limitation upon the jurisdiction of the circuit court to entertain a suit to settle an estate assigned, and unless the action is instituted by the assignee in person, or by a creditor or creditors representing one-fourth in amount of the liabilities of the estate, the circuit court is not permitted to assert jurisdiction.

That part of the section, supra, which provides that the circuit court shall have all the power and authority to administer and settle the assigned estate conferred on the county court by the act, "in addition to its power and authority heretofore existing as a chancery court, * * * " is not susceptible of the construction given it by counsel for appellants. Its only meaning is, that if the circuit court once acquires jurisdiction through the institution of an action therein by the assignee, or creditors representing one-fourth of the liabilities of the estate, it will not in that event be restricted to such powers and procedure only as may be exercised or followed by the county court under the limitations of the statute in question, but may in addition to the powers of the county court under the statute, exercise others, not belonging to the county court, but which appertain, independently of the statute, to courts of equity jurisdiction and resort to which might be necessary to effect a speedy and complete settlement of the estate assigned.

But it is not to be overlooked that the bringing of the action by the persons authorized by the statute to do so, is a condition precedent to the circuit court's acquiring jurisdiction at all.

If we are right in these conclusions it follows that the circuit court did not err in sustaining the demurrers to the petition. The county court should, therefore, be permitted to proceed with the settlement attempted by appellants in that court; if in passing upon the exceptions filed to it the court erred to the prejudice of appellants, they will have the right of appeal to the circuit court and should resort to that remedy.

The judgment of the circuit court is, therefore, affirmed, the whole court sitting.