## L. W. Henneberger Co.'s Assignee v. Price, Judge.

(Decided Jan. 19, 1934.)

C. C. GRASSHAM for petitioner.

W. A. BERRY for respondent.

OPINION BY CHIEF JUSTICE REES—Denying writ of prohibition.

This is an original proceeding in this court. The petitioner seeks a writ of prohibition prohibiting the respondent, Hon. Joe L. Price, judge of the McCracken circuit court, from requiring the petitioner, assignee of L. W. Henneberger Company, to turn over all assets in his hands belonging to the assigned estate to the master commissioner.

The L. W. Henneberger Company made an assignment for the benefit of its creditors and in the deed of assignment filed in the McCracken county court the petitioner was named assignee. Thereafter, as such assignee, he filed an action in the McCracken circuit court for a settlement of the assigned estate. It is petitioner's contention that the respondent, in making the order complained of, is acting out of his jurisdiction or, if acting within his jurisdiction, that he is proceeding erroneously and petitioner's remedy of appeal is inadequate and therefore this court has power under section 110 of the Constitution to issue a writ of prohibition. Section 96 of the Kentucky Statutes authorizes an assignee to bring an action in the circuit court to settle the assigned estate, and, when such an action is brought, the jurisdiction of the county court ceases and the circuit court acquires exclusive jurisdiction. The statute provides in part that:

"Whenever a suit involving a settlement of the estate shall be brought in the circuit court of the county in which the assignment is made, the jurisdiction of the county court shall cease, and all papers relating to the estate, and filed in the county court, shall be transmitted by the clerk thereof to the clerk of the circuit court, and by him filed in such suit; and the said circuit court shall have all the power and authority to administer and settle up the assigned estate conferred on the county court by this act, in addition to its power and authority heretofore existing as a chancery court."

The exclusive original jurisdiction to settle the assigned estate is in the county court and the power of appointing and removing an assignee is vested in it, but

when, as here, an action is filed by the proper party in the circuit court for a settlement of the estate, the jurisdiction of the county court ceases and exclusive jurisdiction vests in the circuit court. Clark-Lack Grocery Company's Assignee v. Price, 249 Ky. 150, 60 S. W. (2d) 372; Stoll's Administrator v. Tarr, 141 Ky. 296, 132 S. W. 904. It follows that the respondent, in entering the order of which complaint is made, was acting within his jurisdiction. Where he is acting within his jurisdiction, a writ of prohibition will not issue unless he is exercising or threatening to exercise his jurisdiction erroneously, resulting in great and irreparable injury to the petitioner and without any remedy open to him by appeal or otherwise.

The power of this court to issue writs of prohibition was elaborately discussed in Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395, 396. In the course of that opinion it was said:

"We have steadfastly adhered to the law, as everywhere declared, that without the element of 'great injustice,' 'great and irreparable injury,' 'irreparable injury,' or some such expression embodying the same idea, our original jurisdiction would not be exercised where the inferior court was proceeding within its jurisdiction, although erroneously and without the right of appeal or other remedy."

An examination of the cases cited in the opinion in the Woods Case discloses that this court has uniformly held that it is without jurisdiction to issue writs of prohibition where inferior courts are acting within their jurisdiction, but erroneously, except under extraordinary and unusual conditions. The limitations of the original jurisdiction of this court under section 110 of the Constitution are thus stated in Frain v. Applegate, Judge, 239 Ky. 605, 40 S. W. (2d) 274, 275:

"This court will entertain jurisdiction, on original application to it under the section of the Constitution referred to, only when the inferior tribunal proceeded against is acting, (1) without jurisdiction, or (2) when it is acting within its jurisdiction, but is erroneously doing so, and (a) great and irreparable injury would follow therefrom, and (b) without any adequate remedy open to the applicant by which he might obtain relief therefrom."

The great and irreparable injury necessary to authorize this court to entertain jurisdiction under section 110 of the Constitution is defined in the opinion in Litteral v. Woods, Judge, supra, and in the opinions in other cases cited therein. As pointed out in Osborn v. Wolfford, Judge, 239 Ky. 470, 39 S. W. (2d) 672, 673:

> "In order to constitute the requisite 'great and irreparable injury' to confer original jurisdiction on this court, the failure to succeed in the particular case should inevitably be followed by consequences of great and ruinous loss and for which there was no remedy."

In this case the only injury which petitioner claims he will suffer by reason of the alleged erroneous proceeding of the respondent is the loss of his commissions as assignee. There is no showing that the assigned estate will suffer any injury. The loss of his commissions as assignee is not such great and irreparable injury as to call for the exercise of the jurisdiction asked by this original action. In any event the remedy of appeal is adequate. Therefore the motion for the writ is overruled and the writ is denied.