# Jones v. Tartar.

December 14, 1948.

Fritz Krueger for petitioner.

Bruce H. Phillips and Bertram & Bertram for respondent.

OPINION OF THE COURT BY JUDGE CAMMACK—Denying writ.

In April, 1948, Mrs. Connie Jones filed a petition in this Court for a writ of prohibition against R. C. Tartar, Judge of the Wayne Circuit Court, to enjoin him from hearing a suit for absolute divorce brought by her husband, Ray Jones, in September, 1947. In April, 1946, Mrs. Jones filed an action against Ray Jones in the Wayne Circuit Court for an absolute divorce and custody of their infant child. Mr. Jones sought a divorce

on a counterclaim, but Mrs. Jones was granted a divorce from bed and board, awarded the custody of the child, and allowed $65 per month for support and maintenance. In his suit for a divorce, which was filed as an equitable action, Mr. Jones set up the judgment of divorce from bed and board rendered in the same court and alleged cruel and inhuman treatment on the part of Mrs. Jones for over six months subsequent to the date of that judgment. He prayed that the judgment be set aside and that he be granted an absolute divorce and be given custody of the infant child.

It is expressly provided in KRS 403.050 that a judgment of divorce from bed and board may be revised or set aside at any time by the court granting it. It is also provided in section 427 of the Civil Code of Practice that:

"A judgment of divorce from bed and board may be annulled by the court which rendered it, at the instance of either party showing just cause therefor in an equitable action."

It is obvious from what has been said that the Wayne Circuit Court has jurisdiction of the equitable action filed by Ray Jones in September, 1947. He sought to have the judgment of divorce from bed and board set aside and also sought a divorce on the grounds which he alleged had occurred since the rendition of the judgment in the original action.

Our rulings are many to the effect that our right to grant a writ of prohibition under section 110 of the Constitution will be exercised only in extreme cases. We have consistently held that we will exercise original jurisdiction only when an inferior court is acting without jurisdiction or is acting within its jurisdiction but erroneously, and in such a manner that great and irreparable injury will follow therefrom, and the petitioner is without adequate remedy. L. W. Henneberger Company's Assignee v. Price, 252 Ky. 402, 67 S. W. 2d 471; Smith v. Burnett, 300 Ky. 249, 188 S. W. 2d 480. Unquestionably, the respondent has jurisdiction to hear the case at bar. Furthermore, there is no showing that he has proceeded erroneously. In substance, the allegations of the petition concern the merits of Mrs. Jones'

defense to the suit instituted by Mr. Jones in September, 1947.

No motion was filed asking that the respondent vacate the bench, and on the whole we think the charges made by Mrs. Jones are not matters for the present consideration of this Court. Questions raised relative to the notice to take depositions in Mr. Jones' action and exceptions to certain depositions filed by Mr. Jones are also questions which may be raised in the equitable action filed by Mr. Jones.

For the reasons given we think the writ of prohibition should be and it is denied.