## Farmers Nat. Bank Of Danville et al. v. Speckman.

December 13, 1949.

Rehearing Denied February 21, 1950.

Lawrence F. Speckman, Judge.

Morris & Garlove, Thomas S. Dawson and Bullitt, Dawson & Tarrant for respondent.

CHIEF JUSTICE SIMS—Dismissing petition.

This is an original action brought in this court wherein petitioners, The Farmers National Bank of Danville (hereinafter referred to as the Bank), administrator of the estate of Charles P. Cecil, III, and Mrs. Virginia B. Cecil, mother of decedent, asked a writ of prohibition against Hon. Lawrence F. Speckman, Judge of the Chancery Branch, First Division, of the Jefferson Circuit Court, to prevent him from proceeding further in an action filed by Mrs. Eulah C. Cecil (hereinafter referred to as Eulah), widow and administratrix of deceased, to settle his estate, on the ground that he is acting beyond his jurisdiction.

The petition avers that Mr. Cecil while a resident of Boyle County died intestate on June 13, 1949, leaving as his only heir his mother; that on June 21st upon application of the mother the Bank was by the Boyle County Court duly appointed and qualified as administrator of the son's estate; that on Feb. 6, 1943, Eulah and deceased were by a judgment of the Boyl Circuit Court di-

vorced a mensa et thoro and she was paid and accepted $2000 in full of dower in her husband's estate; that on June 20, 1949, Eulah by wrongfully alleging deceased was a resident of Jefferson County and that she was his widow, unlawfully caused herself to be appointed by the Jefferson County Court as administratrix of deceased; and on July ——, 1949, she wrongfully filed an action in the Jefferson Circuit Court, Chancery Branch, First Division, to settle the estate of decedent and made petitioners parties defendant.

It is further averred in the petition that on Oct. 11, 1949, petitioners without entering their appearance filed a plea objecting to the jurisdiction of the Jefferson Circuit Court, and that Judge Speckman wrongfully overruled same; that on Oct. 20th, petitioners filed in the Boyle Circuit Court a suit to settle decedent's estate and asked that Eulah be enjoined from acting as administratrix and that she be adjudged to have no interest in the estate. It is further averred that unless Judge Speckman is prohibited from determining the rights of the parties in the Jefferson Circuit Court "irreparable loss, damage and confusion will result in the attempted settlement of this estate" due to the fact that the parties will not know their true rights for an unreasonable length of time and that the estate consisting of a tobacco crop to be marketed this winter, a farm to be rented by the first of the year and a race horse to be disposed of, will suffer great loss.

A special demurrer was filed by respondents questioning the jurisdiction of the court; the petitioners' legal capacity to sue; and averring another action is pending between the same parties in the Jefferson Circuit Court. Also, a general demurrer was filed challenging the sufficiency of the petition.

A writ of prohibition may not be demanded as a matter of right, but lies within the sound discretion of the court to prevent injustice when there is no adequate remedy and to preserve an orderly administration of the law. Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; Gilman v. Doak, 194 Ky. 21, 237 S. W. 1069. We grant the writ only when the inferior court is acting without jurisdiction, or is acting within its jurisdiction and great and irreparable injury will follow therefrom and petitioner is without adequate

remedy. Frain v. Applegate, 239 Ky. 605, 40 S. W. 2d 274; Henneberger Co.'s Assignee v. Price, Judge, 252 Ky. 402, 67 S. W. 2d 471. It is not in every case where the inferior court is proceeding out of its jurisdiction that the writ will be granted, since usually there is an adequate remedy by appeal and this precludes the granting of the writ. White v. Kirby, 147 Ky. 496, 144 S. W. 369 and the Gordon case. Also, see 42 Am. Jur., secs. 7 and 20, pages 143 and 157.

It is manifest that the Jefferson Circuit Court had jurisdiction of Eulah's suit to settle this estate. The personal representative of the deceased is authorized by sec. 428 of the Civil Code of Practice to institute an equitable action in the circuit court to settle an estate and secs. 65 and 66 fix the venue of the action in the county where the representative qualified. Hence, with reason it cannot be said that the Jefferson Circuit Court is proceeding without jurisdiction. But if it were, petitioners have ample remedy by appeal to this court. Should it finally be determined that the proper venue of the settlement suit is in Boyle and not in Jefferson County, the only damage petitioners will suffer is the delay and expense incident to an appeal to this court, and we have many times held that this does not amount to irreparable injury. Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. 2d 395; Osborn v. Wolfford, Judge, 239 Ky. 470, 39 S. W. 2d 672; the Price case, 252 Ky. 402, 67 S. W. 2d 471.

Another reason for denying the writ is that either the Boyle or the Jefferson Circuit Court, in the circumstances presented by the petition, had jurisdiction of this settlement suit, and the first action having been brought in the Jefferson Circuit Court and it having acquired jurisdiction, it should be permitted to terminate the action without interference from the Boyle Circuit Court. See Delaney v. Alcorn, Judge, 301 Ky. 802, 193 S. W. 2d 404, for a full discussion of this question.

Petitioners insist that the suit filed in the Jefferson Circuit Court is not a true settlement suit but was brought to contest the qualifications of the Bank as decedent's personal representative, and under secs. 71, 78 and 79 of the Civil Code of Practice such an action had to be brought in the Boyle Circuit Court. Admitting arguendo that this is correct, then the action is

brought in the wrong venue and this can be reached on appeal, hence, there is no reason to grant a writ of prohibition.

We are of the opinion that the petition is bad upon the general demurrer, therefore it is dismissed.