**Ray ARMSTRONG, Charles Hobbs & Juel Drake, Petitioners,**

**v.**

**Honorable Holland G. BRYAN, Judge of the McCracken Circuit Court, Respondent.**

Court of Appeals of Kentucky,

Dec. 17, 1954.

Mahlon R. Shelbourne, Francis T. Goheen, Joseph S. Freeland, Paducah, for petitioners.

Joseph J. Grace, Roy Vance, Andrew J. Palmer, Paducah, for respondent.

WADDILL, Commissioner.

The petitioners, Ray Armstrong, Charles Hobbs, and Juel Drake, seek an order from this Court to prohibit the respondent, Holland G. Bryan, as Judge of the McCracken Circuit Court, from enforcing an order of that court entered on April 26, 1954, adjudging petitioners to be in contempt of court and assigning the case for a jury trial for the purpose of fixing their punishment.

The proceedings stem from an action filed in the McCracken Circuit Court by Cecil Biggs and other alleged members of Local 595, against the petitioners, and other officers and representatives of the International Association of Bridge, Structural, and Ornamental Iron Workers. An injunction was sought to prevent the International Association from enforcing its suspension of certain officers of Local 595, and among other things, to prevent the petitioners and the International Association from "threatening to, or invoking International supervision over the affairs and activities of the local union."

On December 11, 1953, the circuit court issued an order against the petitioners (and others) restraining them from committing certain acts against Local 595. Following the issuance of the restraining order, the petitioners attempted to remove the suit to the Federal Court. On March 16, 1954, the Federal Court remanded the suit to the McCracken Circuit Court, and on March 18, 1954, the petitioners (individually, and as representatives of the International Association) entered their appearance in the suit by filing a motion to dismiss the action on the ground that the complaint failed to state a claim against them. No motion was made to dissolve the restraining order.

On April 9, 1954, on motion of the plaintiffs, a rule was issued against the petitioners (and others) requiring them to show cause why they should not be punished for contempt of court for violating the restraining order. On April 26, 1954, following a hearing, the rule was made absolute, and an order was entered adjudging petitioners guilty of contempt of court and assigning the case for a jury trial for the purpose of fixing their punishment. Further proceedings have been stayed by a temporary order issued by this Court.

In the exercise of the power granted under Section 110 of our State Constitution, this Court has consistently adhered to the principle of law that it will not issue a writ of prohibition unless it is shown that the circuit court is proceeding or threatening to proceed (1) without jurisdiction or (2) erroneously within its jurisdiction, in such a manner that great and irreparable injury will result therefrom, and the petitioners are without another adequate remedy.

Clark v. Jones, Ky., 258 S.W.2d 902; Local No. 181, Hotel & Restaurant Employees Union v. Miller, Ky., 240 S.W.2d 576; Jones v. Tartar, 308 Ky. 813, 215 S.W.2d 955. In view of the fact that the court has jurisdiction of the subject matter of the action and of the parties (who are now the petitioners herein), we have only to determine whether or not there is a concurrence of the remaining requisites for the writ.

■ In considering this question we shall review the proceedings which resulted in the issuance of the contempt order to ascertain whether or not the court has acted erroneously within its jurisdiction. Our chief concern in this respect is the mode of procedure employed by the respondent. The alleged violation of the restraining order was treated as a constructive contempt, and properly so, because the court did not, and could not, without hearing proof, summarily adjudge the petitioners to be in contempt. Melton v. Commonwealth, 160 Ky. 642, 170 S.W. 37, L.R.A.1915B, 689. Acting upon information furnished by affidavits, the court issued a rule against the petitioners for them to show cause why they should not be punished for contempt of court. A hearing was had upon the rule, following which the petitioners' response was adjudged insufficient, and the petitioners were held in contempt.

■ The procedure followed by the court to this point was proper. The court was empowered to impose punishment upon the contemnors by a fine up to $30, or could have imprisoned them for a period of not more than 30 hours, or could have both fined and imprisoned them within the limits set forth. KRS 432.260(1). Also, other coercive measures could have been invoked. See, Local No. 181, Hotel & Restaurant Employees Union v. Miller, Ky., 240 S.W.2d 576; and, Hall v. Hall, 246 Ky. 12, 54 S.W. 2d 391. However, such action was not taken. In lieu thereof, the court entered an order adjudging petitioners guilty of contempt, and assigned the case for a jury to fix the quantum of punishment. This procedure was erroneous because it denied the petitioners their right under KRS 432.290

to have a jury hear the evidence and to decide "the truth of the matter." See Arnold v. Commonwealth, 80 Ky. 300.

■ The mode of procedure for conducting contempt proceedings was established by the rule of the common law, and the power to punish those persons found guilty of direct or constructive contempt is inherent in all courts of record. Melton v. Commonwealth, 160 Ky. 642, 170 S.W. 37, L.R.A.1915B, 689. However, our Legislature has said, by enacting KRS 432.260(1), that "A court shall not impose a fine of more than thirty dollars or imprison for more than thirty hours for contempt without the intervention of a jury." And by the provisions of KRS 432.290 our Legislature has further said that "In all trials by jury arising under KRS 432.260(1), the truth of the matter may be given in evidence." Thus the rule of the common law has been modified by giving to the party charged with contempt the right to a trial by jury when the court is of the opinion that the indignity offered requires greater punishment than that which the court is authorized to impose by the statute. Arnold v. Commonwealth, 80 Ky. 300.

■■ In no instance is the accused in a contempt proceeding entitled to a trial by jury as a matter of right, but when the court elects to submit the case to a jury under KRS 432.260(1), it is then the duty of the court to follow the provisions of KRS 432.-290. We construe KRS 432.290 to mean that the jury shall determine the guilt or innocence of the accused. Commonwealth v. Berry, 141 Ky. 477, 133 S.W. 212, 33 L.R.A.,N.S., 976.

■ Although it appears that the respondent is proceeding erroneously against the petitioners, this Court has decided that an order of prohibition will not lie, because petitioners have not shown that they will suffer great and irreparable injury as a result of the contempt order entered against them. The order entered by the respondent is interlocutory in character and inflicted no punishment upon the petitioners. Therefore, the proceedings fail to show a con-

currence of the necessary elements which must exist in order to enable this Court to exercise its discretion as to whether or not the order of prohibition should issue.

While at this stage of the proceeding we have decided that an order of prohibition will not lie, nevertheless, if respondent continues to proceed erroneously against petitioners, resulting in great and irreparable injury, the petitioners will not be precluded from seeking relief from this Court under such procedure as may be appropriate for that purpose.

Wherefore, the temporary order issued by this Court on July 9, 1954, is discharged, and the application of the petitioners for a permanent order of prohibition is denied.