Jack C. MASSENGALE, Petitioner,

v.

Frederick WARREN, Judge Campbell Circuit Court, Respondent.

Court of Appeals of Kentucky.

April 17, 1964.

Jack C. Massengale, Cincinnati, for petitioner.

Frederick Warren, pro se.

DAVIS, Commissioner.

 Jack C. Massengale, petitioner, seeks an order of prohibition against Honorable Frederick Warren, Judge of Campbell Circuit Court, by original action in this court. Sec. 110, Ky.Constitution; KRS 21.050; RCA 1.420. The petition for the extraordinary relief sought falls short of stating the requisite grounds. It is fundamental that this court will not issue the order of prohibition to control actions of courts of inferior jurisdiction unless the inferior court is acting without jurisdiction, or acting so erroneously within its jurisdiction that great and irreparable injury will result, and petitioner has no other adequate remedy. Jones v. Tartar, 308 Ky. 813, 215 S.W.2d 955.

Petitioner avers that respondent is "attempting" to place petitioner in jail, "on a judgment of $1,000, which was taken by Charles Bruce Lester" and that respondent has awarded judgment of $7,500 in favor of Charles E. Lester, Jr. It is claimed that each of these actions was instituted without legal basis, that petitioner is a citizen of Ohio, and that process was served upon him while he was on "official business" in the courthouse at Newport. We are not favored with information as to the nature of the suit in which the $1,000 judgment was rendered. However, in the response we are told that motion for execution pursuant to KRS 426.390 has been made; we are not informed whether the requested execution has been issued. Thus, by inference, we gather that the $1,000 judgment was rendered in one of the actions enumerated in KRS 426.390; the statute authorizes execution against the person in limited instances. Reference to KRS 426.-400 discloses relief procedures against such executions. Other relief, if warranted, may be had on timely appeal.

The vaguely asserted errors, if any, relating to the $7,500 judgment as well as the $1,000 judgment may be proper grounds for relief by appeal; certainly no showing is made warranting exercise of the order of prohibition.

The order of prohibition is denied.