BEACHCOMBER CLUB, INC., Marvin W.
Berg, Don Rigazio, and Sandy
Paniello, Petitioners,

v.

Honorable J. Paul KEITH, Jr., Judge, Jefferson Circuit Court, Common Pleas Branch,
Sixth Division, Respondent.

Court of Appeals of Kentucky.

May 13, 1966.

Sandy Paniello, Louisville, for petitioners.

Harry L. Hargadon, Jr., Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for respondent.

DAVIS, Commissioner.

The petitioners, Beachcomber Club, Inc., Marvin W. Berg (President of the Beachcomber Club, Inc.), Don Rigazio, and Sandy Paniello (the latter two being sureties on a traverse bond in behalf of the Beachcomber Club, Inc.), invoke the original jurisdiction of this court seeking an order prohibiting the respondent, as judge of the Jefferson Circuit Court, Common Pleas Branch, Sixth Division, from proceeding further in an action pending before that court against the petitioners. The plaintiff in the circuit court suit which petitioners would compel respondent to terminate is Amelia Guthrie.

Amelia Guthrie instituted a forcible detainer action against the Beachcomber Club and Berg in a magistrate's court in Jefferson County. KRS 383.210. On August 13, 1964, an order was entered by the magistrate finding the Club and Berg guilty of the detainer. The latter traversed, and Rigazio and Paniello subscribed the traverse bond as sureties. KRS 383.255.

Subsequent proceedings were had in the Jefferson Circuit Court pursuant to the traverse. On February 26, 1965, prior to any determination of the issues on the merits, the Jefferson Circuit Court entered an order, pursuant to motion of the traversee Amelia Guthrie, by the terms of which it was ordered that the action " * * * be and the same is hereby dismissed with prejudice at costs to the defendant." When motions of the Club and Berg to set aside that order were unavailing, they undertook a direct appeal to this court. That appeal was dismissed November 16, 1965, because it was improperly prosecuted as a matter of right without a showing of the requisite

jurisdictional sum involved warranting such an appeal. KRS 21.060.

Thereafter Amelia Guthrie filed an amended complaint in the same proceeding (the traverse proceeding) in the Jefferson Circuit Court, asserting entitlement to damages in the sum of $875, plus attorney's fees expended in the aggregate sum of $2250 (of which $750 was alleged to have been incurred incident to the proceedings in circuit court and $1500 incident to the proceedings in this court). The sureties, Rigazio and Paniello, were first brought into the proceedings by the last amended complaint. The Club, Berg, and the sureties filed a plea in abatement, asserting that the circuit court had lost jurisdiction by reason of the order of February 26, 1965, dismissing the action "with prejudice." No order was entered disposing of that defense, but Amelia Guthrie's motion to dismiss "without prejudice" was sustained, and an order entered to that effect.

Then Amelia Guthrie filed a new action, seeking recovery of the same items, namely damages of $875 and attorney's fees of $2250. The present petitioners moved the court to dismiss the action on the basis that the February 26 order dismissing "with prejudice" made applicable the doctrine of res judicata. The respondent judge overruled the motion to dismiss, and will proceed to adjudicate the matter on its merits unless the relief sought here is granted.

■ We deny the relief sought because the conditions precedent for affording it are not demonstrated. It is fundamental that this court will not prohibit the judicial actions of a circuit judge unless the threatened actions are beyond the jurisdiction of the trial court, or, if within the court's jurisdiction, the actions are erroneous and great and irreparable injury will result, with no other adequate remedy available to the petitioner. Jones v. Tartar, 308 Ky. 813, 215 S.W.2d 955; Massengale v. Warren, Ky., 378 S.W.2d 221.

■ It is plain, we think, that the Jefferson Circuit Court has jurisdiction of the parties and the subject matter. Whether the plea of res judicata is available to the petitioners is a justiciable issue within the court's basic jurisdiction. Moreover, other adequate remedy by appeal is available, nor is there any showing of threatened irreparable injury. In these circumstances the relief sought must be, and is, hereby denied.