**Elaine WILSON, Appellant,**

v.

**Judy WEST, District Judge and Raymond E. Lape, Circuit Judge, Appellees.**

Court of Appeals of Kentucky.

May 9, 1986.

G. Hocksworth Pruitt, Covington, for appellant.

David Armstrong, Atty. Gen., Greg Holmes, Asst. Atty. Gen., Frankfort, for appellees.

Before HAYES, C.J., and CLAYTON, and HOWERTON, JJ.

CLAYTON, Judge.

This is an appeal from an order of the Kenton Circuit Court, which denied the appellant's petition for a Writ of Prohibition.

In 1982, James Willman, the son of the appellant Elaine Wilson, was brought before the Juvenile Session of the Kenton District Court (Juvenile Court) as a result of his involvement in a series of burglaries. James, then age 16, was first ordered committed to the Cabinet for Human Resources (CHR) for placement in a delinquent treatment center. Elaine Wilson requested the court to reconsider its order, and proposed several alternatives to commitment, including a suggestion that restitution might be made to the victims of the burglaries.

Wilson and her counsel then entered into discussions with the court, and the court ultimately agreed to place James on probation within the community, provided that full restitution be made. An order was accordingly issued, in which James and his mother, Elaine Wilson, were held jointly liable for restitution, payable to the court.

Restitution was apparently never made, and an order was issued for Elaine Wilson to appear and show cause why she should not be held in contempt. Wilson then brought a petition in Kenton Circuit Court for a Writ of Prohibition preventing the Juvenile court from enforcing its order. The petition was granted, and a Writ of Prohibition was issued.

The Juvenile Court then issued an amended order, in which it justified holding Wilson jointly liable for restitution on the basis of an estoppel theory. Elaine Wilson had promised that restitution would be made, and the court had relied upon that promise in making its decision to place James on probation, rather than commit

him to CHR for placement in confinement. The court having relied, to its detriment, on Wilson's assurances, Wilson was now estopped to deny her obligation to perform her part of the bargain. Wilson once more sought a Writ of Prohibition to prevent enforcement of this amended order. The petition was denied, and Wilson brought this appeal.

Wilson contends that she was not a party to the delinquency proceeding against her son and that the Juvenile Court was therefore not empowered to order that she be held jointly responsible for making restitution to the victims of her son's burglaries. She further argues that as she was never served with summons or otherwise formally charged, she was not subject to the jurisdiction of the Juvenile Session of the District Court. We agree and reverse the circuit court.

The jurisdiction of the Juvenile Session of the District Court is statutory. KRS 208.020 states in pertinent part:

(1) The juvenile session of the district court of each county shall have exclusive jurisdiction in proceedings concerning any child living, or found within the county who has not reached his eighteenth birthday or of any person who at the time of committing a public offense was under the age of eighteen (18) years:

(a) Who has committed a public of-' fense ...

(b) Who does not subject himself to the reasonable control of his parents, teacher, guardian or custodian, by reason of being wayward or habitually disobedient; or

(c) Who is an habitual truant from home or from school; or

(d) Who is found by the court to be dependent, neglected, or abused.

. . . .

(3) The juvenile session of the district court of each county shall have exclusive jurisdiction of persons charged with violations of KRS 530.060 and 530.070.

(4) No person shall willfully and unnecessarily expose to the inclemency of the weather, or in any other manner willfully injure in health or limb any child actually or apparently under the age of sixteen (16) years. The juvenile session of the district court shall have exclusive jurisdiction of persons who violate this subsection.

(5) No person shall for gain or reward employ or cause to be employed, or exhibit, use, or have in his custody for the purpose of exhibiting, or employing, any child actually or apparently under the age of sixteen (16) years, nor shall any person having the care, custody, or control of such child, in any way procure, or consent for gain or reward, to the employment or exhibition of such child, either:

(a) In begging or receiving alms, or in any mendicant occupation;

(b) If the child is a female, in peddling or in any wandering occupation;

(c) In any indecent or immoral occupation or practice;

(d) In the exhibition of any such child when insane, or idiotic; or

(e) In any practice or exhibition of unusual danger to life, limb, health or morals of the child.

The juvenile session of district court shall have exclusive jurisdiction of persons who violate this subsection.

■ The statute clearly limits juvenile court jurisdiction over adults to those persons who are charged with violation of a particular statute. The court's authority over any other adult is limited to enforcement of its orders concerning a child under its jurisdiction pursuant to KRS 208.020, or to ordering other acts consistent with the welfare of a child similarly under its jurisdiction. In a delinquency action, therefore, the court lacks direct jurisdiction over the parent of a child charged with a public offense. Any authority over the parent in such an action is ancillary to the court's jurisdiction over the child.

■ Furthermore, aside from specific instances where an adult has been charged with violation of a statute, any liability under KRS 208.020 *et seq.* is the child's

alone. Liability can never be shared by the parent or custodian. The parent is subject to the court's authority only by virtue of the parent's apparent authority over the delinquent child. Thus, while the court has wide discretion in what it may require of a child subject to its jurisdiction, its authority over the parent or custodian is limited to insuring that any decree or order concerning such child is carried out.

■ The Juvenile Court has the authority to place children convicted of a public offense on probation, under such conditions as the court may determine. KRS 208.-200(1). Such conditions must relate directly to the welfare and ultimate rehabilitation of the child, and are not to be punitive in nature. *Id.* Among the conditions permitted by statute is a requirement that the *child* shall make restitution. KRS 208.240. (emphasis ours). There is no statutory authority for an order requiring a parent or custodian to make restitution. Furthermore, in our opinion, such an order is inconsistent with the intent of the legislature to insure the welfare and ultimate rehabilitation of a delinquent child.

KRS 208.230 states:

Court may coerce cooperation of parents or other persons in support of order or decree.—In support of any order or decree, the juvenile session of district court may require the parents or other person having custody of a child, or any other person who has been found by the court to have engaged in an unlawful transaction with a minor, endangered the welfare of a minor or in any way encouraged, caused or contributed to the acts or conditions which bring the child within the purview of KRS 208.020 to do any acts required by law or to desist from doing any acts forbidden by law, when the court deems such requirement necessary for the welfare of the child. The court may, in its discretion, order the appearance of the parents, relative, guardian, custodian, or other person having custody of the child at any court hearing involving the child. In case of failure to comply with any orders entered

pursuant to the provisions of this section, the court may proceed against such persons for contempt of court.

■ The appellees argue that KRS 208.-240, which authorizes the court to order restitution by the child, and KRS 208.230, which allows coercion of a parent or other person in support of such order, together give the court the power to hold the parent ultimately liable for making restitution. We disagree. KRS 208.230 is aimed at requiring parents to aid the court in enforcement of its valid orders, or to require parents to cease unlawful actions with regard to a child who is under the jurisdiction of the court. Under the statute, for example, a court could require parents to provide a child with necessary support, to see that the child attends school and keeps regular hours, to provide adequate transportation to and from work, etc. KRS 208.-230 is not, however, a vehicle by which the court may transfer liability for a child's wrongdoing from child to parent.

■ While it was within the power of the Juvenile Court in this case to order restitution by James Willman as a condition of probation, it was not within the court's power to order Elaine Wilson to make such restitution, as she was neither a child under the court's jurisdiction, or otherwise a party to the action. *Cf. Department of Human Resources v. Nester*, Ky.App., 585 S.W.2d 437, 439 (1979) (the child is the only bona fide party to an action pursuant to KRS 208.020(1)). Since the court's order holding Wilson jointly liable for payment of restitution was invalid, her promise to the court to pay such restitution was not enforceable by contempt proceedings. *Marcum v. Commonwealth*, 272 Ky. 1, 113 S.W.2d 462, 464 (1938). The Juvenile Court could, of course, have revoked James Willman's probation and carried out its original intention to commit James to CHR for placement in a delinquent treatment facility. KRS 208.205. Assuming that James was unavailable for commitment, the court lacked the authority to require Elaine Wilson to make restitution for her son's offense.

The appellees further argue that prohibition was not a proper remedy in this case, since Wilson could have appealed the order to the circuit court. As the Juvenile Session of the District Court was acting outside its jurisdiction in the matter, however, prohibition was proper under the circumstances. *See Beachcomber Club, Inc. v. Keith*, Ky., 402 S.W.2d 689, 690 (1966).

The Juvenile Session of the District Court having exceeded its jurisdiction, and prohibition being a proper remedy, the circuit court abused its discretion in denying the appellant's petition below for a Writ of Prohibition.

The judgment of the Kenton Circuit Court is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

All concur.