[L. A. No. 19228.   In Bank.   Mar. 28, 1946.]

W. D. O'MORROW, Appellant, v. JACK BORAD et al.,
Respondents.

Musick, Burrell & Pinney, Anson B. Jackson, Jr., and Eugene M. Elson for Appellant.

Hunter & Liljestrom, Benjamin J. Goodman and Laurence Berger for Respondents.

EDMONDS, J.—Following a collision between two automobiles, Jack Borad, who was driving one of the cars at the time of the accident, sued W. D. O'Morrow, the operator of the other vehicle. Under complementary policies, each of these persons was insured by Firemen's Insurance Company and The Metropolitan Casualty Insurance Company against liability for damages resulting from such accident. Through counsel selected by him, O'Morrow filed a cross-complaint in which he claimed damages against Borad. O'Morrow then notified the insurers that these attorneys would also present his defense to Borad's cause of action. In the present suit for declaratory relief, which was brought against Borad and

the insurers to obtain a determination as to the rights of the respective parties under the insurance contracts insofar as the provisions relating to the defense of claims are concerned, the trial court decided in favor of the insurers.

According to the terms of each of the policies, the insurer agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages" sustained under specified circumstances. A further provision is that the insurer shall "defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company." The requirement laid upon the insured in connection with the obligation to defend is that he "shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses, and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical or surgical relief to others as shall be imperative at the time of the accident."

Each driver claims that he is entitled to damages because of injury to his person and to his property resulting from the collision. Timely notice was given to the insurers by both of them. After Borad filed his complaint, counsel for O'Morrow conferred with the attorneys for the insurers in regard to the unusual situation of the companies. On the following day the insurers were notified that, because they were bound to both litigants under the same form of contract, there was a conflict of interest which precluded representation of O'Morrow by the attorneys for the companies. This position was taken upon the ground that it would be to the insurers' interest to defeat both Borad's cause of action and O'Morrow's affirmative claim for damages. Any recovery by either policyholder within the limits of the contracts, said O'Morrow's counsel, would have to be paid by the insurers, and for that reason the insurers should have no connection with the litigation but act only as stakeholders until the litigation was concluded. The reply of the insurers was that the action of

O'Morrow in undertaking to defend the action was a violation of the terms of the policies and, in consequence, they would not pay the amount of any judgment which Borad might recover nor the costs or attorneys' fees incurred in connection with the defense.

O'Morrow then filed the present suit for the purpose of obtaining a determination as to whether he has the right, notwithstanding the provisions of the policies, to defend against the Borad complaint through attorneys of his own choice. Although O'Morrow is demanding a judgment declaring that the insurers are chargeable with the expenses of the litigation, he limits the extent of their liability to a reasonable sum, not exceeding the amount ordinarily paid by the insurers to their attorneys.

The judgment appealed from declares that "O'Morrow has violated the conditions of said policy of insurance issued to him, in that he has refused to permit the . . . [insurers] . . . to defend in his name and on his behalf . . . and has failed to cooperate with the . . . [insurers] . . . in the defense of said action." The court also concluded that the insurers have the right of complete control over the defenses of both Borad and O'Morrow and that neither may recover any costs or attorneys' fees incurred in this suit or the action brought by Borad against O'Morrow.

O'Morrow challenges these determinations principally upon grounds of public policy. The defense of Borad's claims, he insists, is inextricably interwoven with the cause of action of his cross-complaint, and since the insurers are clearly disqualified to represent him in the prosecution of his affirmative demands, they are likewise precluded from defending him against Borad's charges. The argument is that when one places either the defense or the prosecution of his legal rights in the hands of another, a relationship of trust is created which requires the exercise of the utmost good faith. In this connection, O'Morrow calls to his aid section 2230 of the Civil Code relating to transactions in which the interest of a trustee is adverse to that of the beneficiary, and section 2778 of the Civil Code which states the rule to be applied in interpreting agreements of indemnity. The conflict of interest between O'Morrow and the insurers, it is said, has arisen as the result of their method of doing business with a large number of persons in the same community and, under such circumstances, the companies are estopped from taking ad-

vantage of the cooperation and right to defend provisions of the policies. Furthermore, there has been no violation of the cooperation clauses, and it is elementary in the law of insurance that conduct by an assured, even though in violation of the terms of an insurance policy, which results in no prejudice to the rights of the insurer is immaterial. In conclusion, the appellant urges that the insurers are liable for attorneys' fees and all other expenses in connection with defending litigation arising out of matters covered by the policy including the expenses of the present litigation. Respondent Borad agrees with the position taken by the appellant and points to section 6068 of the Business and Professions Code and *Pennix* v. *Winton,* 61 Cal.App.2d 761 [143 P.2d 940, 145 P.2d 561], which, he declares, state the rule that counsel cannot serve two masters.

The insurers stand squarely upon the cooperation clauses of the policies and the requirement that it shall defend. They assert that O'Morrow has violated those provisions by filing an answer to Borad's complaint after notification that the defense is to be conducted without any participation by the insurers. No right to control the prosecution of O'Morrow's cause of action upon the cross-complaint is claimed, but they contend that there is no liability under the policies if the policyholder takes over the defense of a suit. There is no fiduciary relationship between an insurer and the insured, the insurance companies say, and none of the elements necessary to create a trust is shown in the present case. Finally, the argument concludes, there is not necessarily a conflict of interest if an insurer defends two policyholders.

It is contrary to public policy for a person to control both sides of litigation. True, the insurers seek only to direct the respective defenses of the parties, but the issues of negligence and contributory negligence cannot be separated. These issues require the presentation of evidence by means of the same witnesses, and although the insurers propose to retain different counsel for each policyholder, through their respective attorneys the companies would have access to all information in regard to the entire case. Under the terms of the policy contracts, the insurers have undertaken to pay any judgment rendered in favor of either the plaintiff or the cross-complainant; they, therefore, have a pecuniary interest in effecting a balance between the litigants and so conducting the litigation that neither party recovers against the other.

This court has recognized the rule "that in litigation involving only private parties and rights, payment of all counsel fees by one party to the litigation may give that party 'such control over both the preparation and argument of the cause, as to make the suit . . . collusive. . . .' (*Gardner* v. *Goodyear etc. Co.*, 131 U. S. Appendix ciii [21 L.Ed. 141].)" (*City and County of San Francisco* v. *Boyd*, 22 Cal.2d 685, 694 [140 P.2d 666].) And the United States Supreme Court vacated the judgment in an action where one of the parties dominated the conduct of the suit by payment of the fees of counsel for both of the parties. (*United States* v. *Johnson*, 319 U.S. 302 [63 S.Ct. 1075, 87 L.Ed. 1413].) These decisions are in accordance with the fundamental principle that one may not be both the plaintiff and the defendant in an action (*Stevens* v. *Superior Court*, 155 Cal. 148, 150 [99 P. 512]; *Byrne* v. *Byrne*, 94 Cal. 576, 579 [29 P. 1115, 30 P. 196]; see: 11B Cal.Jur. 322; 20 Cal.Jur. 485), and it is difficult to see why, in the litigation between Borad and O'Morrow, the insurance companies would not come within that prohibition if they were allowed to defend each of their insureds against the claim of the other. Certainly a full and fair judicial examination of the merits of a case cannot be had when one person controls counsel for both sides.

The companies argue that a conflict of interest between an insurer and the insured will not prevent the insurer from requiring strict performance of the contract. A typical example of conflict of interest, the insurers say, is the situation where there is a probability that any judgment rendered may exceed the amount of policy coverage. But in such a case the interest of the insurer makes certain that a complete and vigorous defense will be interposed in accordance with the requirements of the policy, a situation far different from that shown by the present record. Here the same insurers represent two persons, each of whom is claiming damages from the other, and proof that both of the parties were guilty of negligence proximately causing injury would be to the financial advantage of the companies. Under these circumstances, the insurers may not control the defenses of the two policyholders against their respective claims.

However, the further question for decision is whether the insurers, though not permitted to defend as required by their contracts, are nevertheless bound to pay any judgment, within the limits of his policies, that might be rendered

against O'Morrow and to reimburse him for his costs of suit and attorneys' fees. In *Woodman* v. *Pacific Indem. Co.*, 33 Cal.App.2d 321, 330 [91 P.2d 898], it was said that while the breach of cooperation clauses of an insurance policy may, under some circumstances, relieve the insurer from liability, such requirements are not conditions precedent to the validity and enforcement of an insurance policy but are conditions subsequent to be pleaded by the insurer in defense of liability. (See *Glens Falls Indem. Co.* v. *Keliher*, 88 N.H. 253 [187 A. 473].) Other courts have held such clauses to be conditions precedent to liability. (*Conold* v. *Stern*, 138 Ohio St. 352 [35 N.E.2d 133, 137 A.L.R. 1003]; *Kindervater* v. *Motorists Cas. Ins. Co.*, 120 N.J.L. 373 [199 A. 606].) But regardless of the name given to provisions of this kind, the insurer is ordinarily released from its contract by the total and unjustifiable refusal of cooperation by the insured including unjustifiable refusal of the insured to permit the insurer to make any defense. (See *Valladao* v. *Fireman's Fund Indem. Co.*, 13 Cal.2d 322 [89 P.2d 643]; *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743 [7 P.2d 999, 85 A.L.R. 13]; *Wright* v. *Farmers Auto. Inter-Ins. Exch.*, 39 Cal.App.2d 70 [102 P.2d 352]; *Margellini* v. *Pacific Auto. Ins. Co.*, 33 Cal.App.2d 93 [91 P.2d 136]; *State Farm Mut. Auto. Ins. Co.* v. *Bonacci*, 111 F.2d 412; *Curran* v. *Connecticut Indem. Co.*, 127 Conn. 692 [20 A.2d 87]; *Conold* v. *Stern, supra; Cameron* v. *Berger*, 336 Pa. 229 [7 A.2d 293]; *Hilliard* v. *United P. Cas. Ins. Co.*, 195 Wash. 478 [81 P.2d 513]; *Kindervater* v. *Motorists Cas. Ins. Co., supra; Witt* v. *Universal Auto. Ins. Co.* (1938), (Tex.Civ.App.) 116 S.W.2d 1095; 29 Am.Jur. 600; 139 A.L.R. 771; 98 A.L.R. 1465; 72 A.L.R. 1446.)

Forfeitures, however, are not favored; hence a contract, and conditions in a contract, will if possible be construed to avoid forfeiture (*Universal Sales Corp.* v. *California etc. Mfg. Co.*, 20 Cal.2d 751, 771 [128 P.2d 665]; *Ballard* v. *MacCallum*, 15 Cal.2d 439, 444 [101 P.2d 692]; *Milovich* v. *City of Los Angeles*, 42 Cal.App.2d 364, 374 [108 P.2d 960]). This is particularly true of insurance contracts. (*Bittinger* v. *New York Life Ins. Co.*, 17 Cal.2d 834, 841 [112 P.2d 621].)

And where, as in the insurance policies held by O'Morrow, the condition is express and cannot be avoided by construction, the court may, in a proper case, excuse compliance with it or give equitable relief against its enforcement. (See Civ. Code, §§ 3275, 3369; *Ballard* v. *MacCallum supra*, p. 444;

*Henck* v. *Lake Hemet Water Co.*, 9 Cal.2d 136, 143 [69 P.2d 849] ; *Hopkins* v. *Woodward*, 216 Cal. 619, 622 [15 P.2d 499] ; *Ebbert* v. *Mercantile Trust Co.*, 213 Cal. 496, 499 [2 P.2d 776] ; *Farmers' & Merchants' Mutual Life Assn.* v. *Mason*, 65 Ind.App. 66 [116 N.E. 852] ; Rest., Contracts, § 307 ; 21 Cal.L.Rev. 516 ; 18 Cal.L.Rev. 681 ; 52 Harv.L.Rev. 129.)

█ To relieve the insurers in the present suit from liability under their contracts because of the bar of public policy would be most inequitable, for the situation of O'Morrow and Borad results entirely from the extensive operations of the two companies in the insurance field. Under these circumstances, compliance with the cooperation clauses is excused and the insurers are liable for any judgment, costs of suit, and reasonable attorneys' fees which O'Morrow may incur in defending himself against the claims of Borad. (See *Greer-Robbins Co.* v. *Pacific Surety Co.*, 37 Cal.App. 540 [174 P. 110] ; *Kelly* v. *Kass* (1944), 154 Pa.Super. 267 [35 A.2d 531] ; *Conroy* v. *Commercial Cas. Ins. Co.*, 292 Pa. 219 [140 A. 905] ; 8 Appleman's Insurance Law & Practice, § 4691.) █ Such fees are recoverable in lieu of the defense required by the insurance contracts (see *Munro* v. *Maryland Cas. Co.*, 48 Misc. 183 [96 N.Y.S. 705, 707] ; *Sanders* v. *Frankfort, M., A. & P. Ins. Co.*, 72 N.H. 485 [57 A. 655, 658]), but there is no basis for allowing O'Morrow the reasonable expense of counsel in the present suit for declaratory relief. He has not brought himself within any of the few exceptions to the general rule that, in the absence of contract or statutory provision, the services of an attorney must be paid for by the client who employs him. (*Estate of Marré*, 18 Cal.2d 191, 192 [114 P.2d 591].)

The judgment is reversed with directions to the trial court to enter a declaratory judgment in accordance with these conclusions.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.