Adrian F. O'BRYAN, Petitioner,

v.

Julius LEIBSON, Judge, Jefferson Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 31, 1969.

Adrian F. O'Bryan, Clements, Spencer, O'Bryan & McDaniel, Louisville, for appellant.

Edward F. Rectenwald, Robinson, Rectenwald & Tackett, Louisville, for appellee.

NEIKIRK, Judge.

Petitioner, Adrian F. O'Bryan, seeks an order of prohibition addressed to respondent, the Honorable Julius Leibson, Judge, Jefferson Circuit Court.

The request for this extraordinary relief grows out of an action pending in the Jefferson Circuit Court. We do not consider it necessary to explore the circumstances of the multiple-vehicle accident responsible for this contest. It is essential to review the pleadings.

Brenda Griesbach, administrator of the estate of James B. Griesbach, filed complaint alleging the negligence of Julian A. Ritter, Louisville & Nashville Railroad Company, and Isaac Rhodes. She also demanded judgment, under uninsured motorist coverage, against Motorists Mutual Insurance Company by reason of the alleged fact that Ritter was uninsured.

George E. Riggs, Jr., and Edward F. Rectenwald represent plaintiff, Brenda Griesbach. Dennis M. O'Connor, repre-

senting defendant, Julian A. Ritter, filed an answer and counterclaim. J. Walter Clements filed answer for defendant, Motorists Mutual Insurance Company. It is not necessary to list attorneys representing defendant, Louisville & Nashville Railroad Company, and defendant, Isaac Rhodes.

When the counterclaim was filed, plaintiff notified Motorists Mutual Insurance Company to defend, this in compliance with the terms of the insurance policy issued by Motorists Mutual to the decedent, James B. Griesbach. The policy provided liability, property damage, and medical coverage. Petitioner O'Bryan, as counsel for Motorists Mutual, filed a reply to the counterclaim of defendant, Julian A. Ritter. Attorneys for plaintiff filed motion for an order to strike O'Bryan as attorney of record for the plaintiff and to excuse the plaintiff from cooperating with Motorists Mutual Insurance Company. The trial court sustained. Petitioner O'Bryan countered with this petition for order demanding that respondent be prohibited from removing him as attorney for the plaintiff and excusing plaintiff from cooperating with Motorists Mutual.

Petitioner alleges that respondent "is proceeding out of his jurisdiction, or proceeding illegally within it, and is about to exercise it erroneously, so as to result in irreparable injury to the petitioner and his client for which there is no adequate remedy other than this writ." We have held that we will exercise original jurisdiction only when an inferior court is acting without jurisdiction or is acting within its jurisdiction but erroneously, and in such a manner that great and irreparable injury will follow therefrom, and the petitioner is without other remedy. Jones v. Tartar, 308 Ky. 813, 215 S.W.2d 955 (1948); Beachcomber Club, Inc. v. Keith, Ky., 402 S.W.2d 689 (1966).

■ We find that the respondent acted within his jurisdiction.

Did the respondent commit error acting within his jurisdiction and this in such a manner as to cause petitioner injury without remedy? We hold that he did not.

Before the order of the respondent, the petitioner as counsel on the side of the plaintiff, and as counsel for Motorists Mutual, under the terms of liability coverage, answered the counterclaim of defendant Ritter. The plaintiff, in her original action, named Motorists Mutual as a party-defendant and this to perfect collection of judgment against Ritter under uninsured motorist coverage. A quick survey of the battlefield, as arrayed at this point, would convince even the unsuspecting that Motorists Mutual would shoot away to prove both sides negligent. Motorists Mutual would escape liability, emerge victorious, and leave the litigants to silently steal away to salve their wounds.

The plaintiff should not be required to cooperate ·with Motorists Mutual, and respondent did not act erroneously in striking O'Bryan as counsel at the request of plaintiff.

■ Plaintiff was aware of the dual allegiance of O'Bryan. Plaintiff elected to be represented by counsel of her own choosing. Even though the contract of insurance gave Motorists Mutual the right to defend, the conflict of interest overrides this responsibility.

A case involving liability coverage is O'Morrow v. Borad, 27 Cal.2d 794, 167 P.2d 483, 163 A.L.R. 894. In that case, the same insurance company insured both of the parties involved in a common accident. The parties had antagonistic claims. One of the policyholders, contending that there existed a conflict of interest, brought an action similar to the one here, asking to be relieved of the burden of cooperation. The California court said:

"The companies argue that a conflict of interest between an insurer and the insured will not prevent the insurer from requiring strict performance of the contract. A typical example of conflict of interest, the insurers say, is the situation

where there is a probability that any judgment rendered may exceed the amount of policy coverage. But in such a case the interest of the insurer makes certain that a complete and vigorous defense will be interposed in accordance with the requirements of the policy, a situation far different from that shown by the present record. Here the same insurers represent two persons, each of whom is claiming damages from the other, and proof that both of the parties were guilty of negligence proximately causing injury would be to the financial advantage of the companies. Under these circumstances, the insurers may not control the defenses of the two policyholders against their respective claims."

The above cited California opinion supports the contention that it would be contrary to public policy to allow the same person or firm to control both sides of the litigation. That court said:

"It is contrary to public policy for a person to control both sides of litigation. True, the insurers seek only to direct the respective defenses of the parties, but the issues of negligence and contributory negligence cannot be separated. These issues require the presentation of evidence by means of the same witnesses, and although the insurers propose to retain different counsel for each policyholder, through their respective attorneys the companies would have access to all information in regard to the entire case. Under the terms of the policy contracts, the insurers have undertaken to pay any judgment rendered in favor of either the plaintiff or the cross-complaint; they, therefore, have a pecuniary interest in effecting a balance between the litigants and so conducting the litigation that neither party recovers against the other. * * *."

The respondent did not usurp or abuse his power and acted in such a manner as to cause justice to be done. Good conscience and fair dealing require that an insurance company not pursue a course advantageous to itself while disadvantageous to its policyholder.

The application for order of prohibition is denied.

All concur.