Frederick W. STACEY, III, Petitioner,

v.

Thomas A. BALLANTINE, Jr., Judge, Jefferson Circuit Court, Respondent.

Court of Appeals of Kentucky.

June 26, 1970.

Cletus E. Amlung, Louisville, for petitioner.

Wayne J. Carroll, Ewen, MacKenzie & Peden, Louisville, for respondent.

NEIKIRK, Judge.

A complaint has been filed in the Jefferson Circuit Court by plaintiffs, D. H. Robinson, Administrator of the estate of Mary J. Stacey, and Frederick W. Stacey, Jr., against defendants, Frederick W. Stacey, III, and James C. Dodge. In substance, it is alleged that the death of Mary J. Stacey and the injuries to Frederick W. Stacey, Jr., were brought about and caused by the negligence of Frederick W. Stacey, III, or by the negligence of James C. Dodge, or by the joint and concurring negligence of both defendants.

Both defendants have liability insurance coverage with Allstate Insurance Company. Attorney Wayne J. Carroll, representing the company, filed an answer for and on behalf of defendant Frederick W. Stacey, III.

Frederick W. Stacey, III, through his employed attorney, moved the trial court to enter an order striking Wayne J. Carroll as counsel of record for him. The proposed order would have relieved Frederick W. Stacey, III, of any and all obligation to cooperate with the insurance company in the defense of the action.

The trial court refused to sign the order. We are called upon to grant extraordinary relief and direct the trial court to sign the proposed order.

Petitioner contends that O'Bryan v. Leibson, Ky., 446 S.W.2d 643, is controlling and settles the issues in the instant case. We do not agree.

In the O'Bryan case, the insurance company was attempting to represent, by counsel, the antagonistic claims of parties plaintiff and defendant. In that case, we held such a position untenable. In the instant case, the situation is that of co-defendants insured by the same liability insurance company. The company will bear the financial burden of satisfying, to the limits of its policies, any judgment obtained against the co-defendants, jointly or severally. To say in the instant case that

the insured does not have to cooperate in the defense of this important lawsuit, and with counsel employed by the company, would be to vitiate the very terms, conditions, and purposes of the insurance contract.

O'Morrow v. Borad, 27 Cal.2d 794, 167 P.2d 483, cited by the petitioner, is not in point. In that case, the same insurer represented two persons each claiming damages from the other.

For the purposes of this opinion, it is not necessary to discuss the suit filed in federal court by Frederick W. Stacey, III, against James C. Dodge, growing out of the same accident as did the instant case. The federal court will resolve the issues timely presented by both parties.

The order of mandamus is denied.

All concur.