Raymond J. BARRY, Petitioner,

v.

J. Paul KEITH, Judge, Jefferson Circuit Court, Respondent.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Harry L. Hargadon, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for petitioner.

Wilson K. Beatty, John L. Bennett, Jr., Louisville, for respondent.

GARDNER, Commissioner.

Petitioner Raymond J. Barry instituted an action against Robert J. English to recover damages sustained from an intersection accident occurring in Louisville. English sought damages by way of a counterclaim. Ohio Casualty Insurance Company is Barry's liability and uninsured-motorist insurance carrier. The lower court sustained Ohio Casualty's motion to intervene as a party defendant, sustained Ohio Casualty's motion to take the deposition of plaintiff, and sustained Ohio Casualty's motion to require plaintiff to submit to a physical examination.

This is an original proceeding for an order prohibiting the circuit judge from enforcing the order referred to above. Plaintiff contends the lower court is acting erroneously and irreparable damage will result. Cf. section 110 of the Kentucky Constitution; Bender v. Eaton, Ky., 343 S.W.2d 799 (1961). Specifically petitioner argues that the order allows Ohio Casualty to control the litigation, as condemned by O'Bryan v. Leibson, Ky., 446 S.W.2d 643 (1969), and Wheeler v. Creekmore, Ky., 469 S.W.2d 559 (1971). In O'Bryan we held that the insured could not be forced to be saddled with an attorney who also was representing the insurance company; that it would be against public policy to allow the same attorney to control both sides of the litigation. In the instant case Ohio Casualty's attorney is making no effort, at least directly, to represent petitioner. We ruled in Wheeler the insured was entitled to have the jury apprised of the fact that the insurance company was a party to the action and who its attorney was. In both O'Bryan and Wheeler the insured made the insurance carrier a party defendant. In the instant case petitioner did not make Ohio Casualty a party but the latter moved to intervene in order to present defenses insofar as its liability was concerned. The proceedings do not disclose, and at this stage there is nothing before this court to indicate whether Ohio Casualty intends to actively participate in petitioner's defense of the counterclaim.

It is readily apparent that a conflict of interest has developed. Insofar as the uninsured motorist clause of the policy is concerned it is to Ohio Casualty's advantage that it be determined plaintiff was negligent. Insofar as the liability provision is concerned it is to Ohio Casualty's advantage that it be determined defendant was negligent. If it is decided that both parties are negligent, Ohio Casualty, as stated in O'Bryan, " * * * would escape liability, emerge victorious, and leave the litigants to silently steal away to salve their wounds."

With the advent of the uninsured-motorist concept numerous procedural and substantive problems have arisen, seemingly with no adequate answers in the common law or statutory law. The instant case focuses directly on one of the pertinent questions, namely, whether an insurance carrier may intervene to present defenses to the claim of its insured against an uninsured motorist and to the claim of the uninsured motorist against the insured. A study of opinions from other jurisdictions only impresses us further with the realization that a dilemma exists. It will serve no useful purpose, we believe, to attempt to categorize the holdings of the various courts of other jurisdictions. Suffice it to say there

appears to be no prevailing view that has secured itself as being all persuasive.

The rationale used by the courts permitting intervention impresses us as being the more realistic and coming closer to fitting in with our traditional legal maxim of guaranteeing to each person his day in court. We like the approach to the problem found in Wert v. Burke, 47 Ill. App.2d 453, 197 N.E.2d 717 (1964). Upon the intervention of the insurer, however, certain safeguards should be afforded the other litigants. Without attempting to outline all of the conditions which might be required, we believe intervention should not be allowed except upon the inclusion of the following conditions:

(1) It should be established that there is in fact an uninsured motorist. If non-insurance becomes a disputed question of fact, it may be submitted to the court for determination before the trial of the main issue.

(2) The intervenor should acknowledge that it will be bound by the judgment subject, of course, to the right of appeal.

(3) The intervenor must take the case with the issues as joined, unless it can make a showing to the trial court that justice requires other issues to be joined.

(4) The identification of the respective parties and the attorneys should be revealed to the jury.

(5) The intervenor should disclose to the insured that the interest of the insured might be in conflict with the interest of the intervenor and that the insured is not required to cooperate with the intervenor. Any information gained by the intervenor from the insured by reason of the insurer-insured relationship should not be used adversely to the insured.

(6) Other conditions as the trial judge in his reasonable discretion believes are necessary to insure a fair and orderly trial should be invoked.

In the instant case the trial judge permitted Ohio Casualty to intervene. As we have written, that was proper, but only upon the conditions outlined above. It also appears to us that in furtherance of justice the trial judge correctly decided that Ohio Casualty should be permitted to take the deposition of petitioner, its insured, and that petitioner should submit to a medical examination by a physician. The trial judge is directed, however, to observe and require the parties to adhere to the conditions recited herein.

The petition for an order of prohibition is denied.

All concur.