**Murlin PHILLIPS and MFA Insurance Company, Appellants,**

v.

**Mason ROBINSON, Appellee.**

No. 74–104.

Court of Appeals of Kentucky.

Dec. 17, 1976.

Discretionary Review Granted
March 2, 1977.

R. Scott Plain, Owensboro, E. Lambert Farmer, Jr., Henderson, for appellants.

William L. Sullivan, Henderson, for appellee.

Before GANT, MILLER and VANCE, JJ.

GANT, Judge.

The facts of this case are both uncontested and unbelievable. On Saturday, November 14, 1971, the Appellee, Mason Robinson, had attended a wedding party at the Sportsman's Club located on Kentucky Highway 416 in Henderson County, Kentucky. At approximately 11 p. m. the party broke up and a group which included the Appellee remained at the Sportsman's Club. Sometime after midnight, on the early morning of November 14, 1971, and after consuming four highballs, the Appellee, according to his testimony, needed to relieve himself but the rest room was occupied and the Appellee went into a vacant field next door for the purpose of relieving himself. He gave his car keys to his wife, telling her he thought he would walk home, and walked across the vacant field for the purpose which he had stated. After the Appellee had been gone some five to ten minutes, his wife asked assistance in locating the Appellee and contacted the Appellant, Murlin Phillips, and a passenger in the Phillips vehicle and asked their assistance in locating her husband. The Appellant Phillips then drove at a slow rate of speed through the field, with his headlights on and in

working order, searching for the Appellee and in doing so ran over the Appellee while the latter was in a half-squatting position in the process of relieving himself. Apparently noticing that something had happened, Appellant-driver then backed over the Appellee.

In spite of the apparent humor in this bizarre set of facts, the Appellee suffered damages occasioning medical expense in the amount of $1,690.85 and loss of wages in the amount of $5,760.00.

This action was brought by the Appellee against Murlin Phillips, the driver of the car which struck him in the sagebrush field, and against MFA Insurance Co., with which company the Appellee had a policy covering damages occasioned by an uninsured motorist. In the complaint in this action, the Appellee sued the Appellant-driver for $50,000.00 and the Appellant-insurance company for $20,000.00, the action against the driver being based in tort and the action against the insurance company being based upon his contract of insurance covering an uninsured vehicle as defined by KRS 304.-20–020.

Appellants ascribe four errors to the trial court which we will discuss in turn.

The first error urged by the Appellants is that the trial court failed to direct a verdict on motions appropriately made by the Appellants during the course of trial concerning the contributory negligence of the Appellee under the circumstances above described. Appellants quite frankly admit that they "have found no cases decided by the Court of Appeals based upon facts similar to those in this case." We doubt seriously if there has ever been or will be a case with facts similar to the instant case but in those cases cited by the Appellants the duties imposed upon the pedestrian related to duties coextensive with their use of a travelled way, such as a road, thoroughfare, intersection, etc. In the instant case, the Appellee was in a vacant field, with sagebrush up to his waist, and the duties imposed by law upon a person in a similar position would hardly be comparable to those duties imposed upon the user of

a thoroughfare. It is the opinion of the court that there was sufficient evidence to warrant the submission of the question of contributory negligence to the jury.

The second ground urged by the Appellants is that the Trial Court committed reversible error in refusing to permit the attorney for the defendant and Appellant, Murlin Phillips, to propound questions to a witness for the insurance company. Although the court might feel that this was a rather technical use of the lower court's discretion, it was not such an abuse thereof as to warrant reversing this case.

The third ground for reversal which was used by the Appellant is that the Trial Court committed prejudicial and reversible error in its instructions to the jury, and particularly in its instructions No. IV and No. V. The gravamen of those instructions is as follows:

"If your award does not exceed the sum of $11,000.00, then all of such award shall be in favor of the plaintiff and *jointly and severally* against the defendants, Murlin Phillips and M.F.A. Insurance Company, and any portion of your award in excess of $11,000.00, if such award should exceed such sum, shall be in favor of the plaintiff and against the defendant, Murlin Phillips, only. Should your award be $11,000.00 or less, the court will give credit to M.F.A. Insurance Company for the $1,000.00 previously paid:

You are instructed to return your verdict in one of the following forms:

(1) "We, the jury, find for the plaintiff, Mason Robinson, *jointly and severally* against the defendants, Murlin Phillips and M.F.A. Insurance Company and award him damages as follows: etc."

(2) "We, the jury, find for the plaintiff, Mason Robinson, *jointly and severally* against the defendants, Murlin Phillips and M.F.A. Insurance Company and award him damages as follows: etc."

In addition to these instructions, the court furnished to the jury form verdicts which contained exactly the same language as above indicated, permitting the jury to find the Appellant-driver and the Appellant-insurance company "jointly and severally" liable to the plaintiff.

Upon the trial of this case, the jury awarded medical expenses in the amount of $1,690.85, lost wages in the amount of $5,760.00, $3,000.00 for permanent impairment of earning power and $549.15 for pain and suffering, for a total award of $11,000.00 against both of the Appellants as hereinabove set out.

■ KRS 304.20–020 provides, by its own language, "for the protection of persons insured thereunder who are *legally entitled* to recover damages from owners or operators of uninsured motor vehicles . . .". Thus we see that the purpose of uninsured vehicle coverage is to insure "against loss resulting from liability imposed by law" and no special contract is created which would circumvent legal liability on the part of the owner or operator of the uninsured motor vehicle.

The two cases with which the court is most concerned in its consideration of the facts of this case are *Wheeler v. Creekmore et al.,* Ky., 469 S.W.2d 559 (1971) and the case of *Puckett et al. v. Liberty Mutual Insurance Company,* Ky., 477 S.W.2d 811 (1971). In the *Wheeler* case, the old Court of Appeals (and I hope our learned brothers on the Supreme Court will understand and not resent the use of the word "old") held that in an action involving the insurance company under the uninsured vehicle coverage the Trial Court should permit the plaintiff to disclose to the jury the fact that the insurance company was a party and its counsel present in court *where the uninsured motorist carrier elects to participate actively in the trial.* The *Puckett* case went even further and permitted an action against the uninsured vehicle coverage carrier even where the uninsured motorist was a non-resident who is not amenable to process in this State. The *Puckett* case also stated that this action may be maintained against the insurance company without judgment previously having been obtained against the uninsured motorist.

This court notes that in neither of these cases nor in any of the other cited cases in Kentucky is there any holding that the amount of coverage is subject to proof in the presence of the jury. Nor is there any holding which would permit judgment against the insurance carrier without first determining that there was, in fact, "liability imposed by law" on the part of the uninsured owner or operator of the motor vehicle. While *Puckett* made it possible for the carrier to be sued without first obtaining a judgment against the uninsured motorist, his liability would certainly have to be established in the action against the insurance carrier. Further, we see no validity based upon any legal premise which would permit the disclosure of the amount of insurance to the jury. This disclosure constitutes an open invitation to the jury to fix the damages at the amount of the policy, as was clearly done here.

It is the holding of this court that the instruction permitting the jury to find the driver and the insurance company "jointly and severally" liable is fatally defective and that the sole province of the jury should be to determine the liability of the driver whether he is actually before the court or not. The question of the method of payment shall be handled in the judgment, by the court, and is not the province of the jury.

The fourth ground urged for reversal was an affidavit setting out the statement by one of the jurors to the effect that the jury figured that both the Appellee and Appellant-driver were guilty of negligence but that they figured that he had paid for his insurance and was thereby entitled to recover. The Trial Court excluded this affidavit on a Motion for New Trial but a short perusal of the verdict herein makes it manifestly clear that such was the consideration of the jury. In spite of the best efforts of some attorneys to avoid such a catastrophe, intelligent people do serve on juries and in this case, where the policy limits were fixed at $11,000.00, the jury awarded $549.15 for pain and suffering in order to round out their award to an even $11,000.00, coincidentally the amount of the policy.

It is the opinion of this court that the instructions complained of by the Appellant permitting the jury to find the defendant-driver and the defendant-insurance company jointly and severally liable and perpetuating this error in the form verdicts was clearly in error. Further, such instructions even permitted the attorney for the plaintiff to argue in his final argument such phrases as ". . . if your judgment exceeds $11,000.00 . . . then the rest of it is against Mert, individually. We don't want that." Or, "He paid the premium and they took his premium to protect himself if he was injured by someone who did not have insurance. His own insurance now, he bought and paid for it and this is exactly what happened." While these statements were not objected to by the Appellants, we think that the instruction and the disclosures of the amount of the policy provided an open door through which the plaintiff obviously walked.

While this court will concur with the holdings of the old Court of Appeals in the *Puckett* and *Wheeler* cases, above cited, we would place limits upon the trial of those cases. First, it is our opinion that the fact that the tortfeasor is uninsured and the amount of the insurance coverage can be proved by deposition, affidavit, stipulation or *in camera* hearings. We do not feel that this is a proper subject for the jury.

Second, we feel that it must be made obvious to the jury that recovery against any defendant insurance company shall be predicated first by a finding that the uninsured motorist was, in fact, at fault. In addition, we feel that too often jurors are required to arrive at verdicts without being advised of the law in the case and would suggest that upon retrial of this cause the following instruction be given, to-wit:

"The defendant MFA Insurance Company is a party to this action by virtue of a policy of insurance imposing liability upon the company to the extent of its policy limits if, and only if, the jury determines that the damage to the plaintiff, if any, was

the sole and proximate result of the negligence of the defendant, Murlin Phillips, as hereinabove set out. The fact of insurance shall in no way be considered by the jury in the determination of fault or damages in this case.

■ Third, the apportionment of any damages between the uninsured motorist and the insured motorist insurance company shall be performed by the court in its judgment after the verdict.

We would refer to the case of *Barry v. Keith*, Ky., 474 S.W.2d 876 (1971) for other conditions which should pertain whether the insurance carrier is an intervenor or a co-defendant.

For the reasons above stated, this case is reversed.

All concur.