Robert E. TEMPLE and Doris J. Temple, Appellants,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Appellee.

Supreme Court of Kentucky.

April 1, 1977.

Fred E. Fischer, Louisville, for appellants.

Henry V. B. Denzer, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

JONES, Justice.

This appeal involves a claim by Robert E. Temple and his wife Doris against State Farm for recovery of damages under the uninsured motorist provisions of their automobile liability policy. The trial court dismissed the Temples' complaint and held that they had materially breached the terms and provisions of the policy by reason of their failure and refusal to give statements to the representatives of State Farm. In this appeal, the Temples contend they were relieved from a literal compliance with the provisions of the policy. They assert such "essential information" was furnished State Farm so as to constitute substantial compliance.

On March 14, 1970, the Temples were involved in an accident with John Wissing, an alleged uninsured motorist. Shortly thereafter, Robert Temple reported the accident to State Farm. At the request of State Farm's agent, Scheynost, Temple forwarded a copy of the police accident report to State Farm. Within a few days, an adjuster for State Farm appeared at the Temples' home and spoke with Robert Temple about the accident. The adjuster told Temple that he would call him back and take his statement over the telephone. In the meantime the Temples contacted Cletus Amlung, an attorney who agreed to prosecute their claim. Sometime after Amlung's employment, State Farm's adjuster called Robert Temple and requested that he give his statement over the telephone. Temple referred the adjuster to his attorney, Amlung. Amlung refused to allow either of the Temples to give a sworn statement.

On April 2, 1970, State Farm sent a letter to the Temples advising them of the provisions of their policy and, that as a result of their failure to cooperate, State Farm was reserving its right to deny coverage. On May 4, 1970, and again on May 28, 1970, counsel for State Farm sent letters to Amlung requesting the Temples' sworn statements, which Amlung again refused to allow.

On January 27, 1971, the Temples filed suit against Wissing and State Farm. Wissing has never been served with summons. State Farm answered. It asserted the Temples had breached the provisions of their insurance policy by failing to give sworn statements as were requested by the company. It claimed such breach was material and sufficient grounds for denial of coverage.

The pertinent policy provisions are as follows:

"1. NOTICE. In the event of an accident or loss, a written notice containing particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, and the names and addresses of injured persons and available witnesses, shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.

. . . . .

"2. ACTION AGAINST THE COMPANY. No action shall lie against the company:

(a) unless as a condition precedent thereto there shall have been full compliance with all terms of this policy.

. . . . .

"6. MEDICAL REPORTS; PROOF OF CLAIM—COVERAGES . . . U. As soon as practical the person making claim under coverages . . . or U shall give to the company written proof of claim including full particulars of the nature and extent of injuries, treatment, and other details entering the determination of the amounts payable. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim. The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity or death, his legal representative, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records. *Under coverage U the insured and every other person making claim shall submit to examination under oath by any person deemed by the company and subscribed the same, as often as may reasonably be required.*" (Emphasis added).

The basis of the Temples' rights against State Farm is contractual. The terms and provisions of the policy require, as a condition precedent to any action or right of recovery against State Farm, that the Temples provide sworn statements to State Farm as often as may be reasonably required. Although the Temples notified State Farm of the accident and provided an accident report to State Farm's agent, such information was insufficient for State Farm to evaluate the claim for settlement purposes. State Farm was entitled not only to an explanation of the circumstances of the accident contained in a police report, but was entitled also to the sworn statements of its insureds as to the details of its occurrence and, further, the "nature and extent of injuries, treatment, and other details entering the determination of the amounts payable." Such information, exclusively within the control of the Temples,

was essential for State Farm to fulfill its responsibilities under the terms of the policy; and, provisions of the policy reasonably designed to secure a truthful disclosure of such information are valid and reasonable conditions precedent to an insuror's liability.

The ill-considered refusal of the Temples' attorney to allow their statements to be taken, imposed upon State Farm considerable expense and expenditure of time to obtain the information which it had the right to receive without any expense. The information received nearly a year later through depositions did not so remedy the Temples' breach nor the prejudice to State Farm as to enable the Temples to avoid State Farm's denial of coverage.

The Temples rely on this court's decisions in *O'Bryan v. Leibson,* Ky., 446 S.W.2d 643 (1969); *Wheeler v. Creekmore,* Ky., 469 S.W.2d 559 (1971); and *Barry v. Keith,* Ky., 474 S.W.2d 876 (1971) to support their contention that they should be relieved of that condition of the policy requiring sworn statements because of their conflict of interest with State Farm. Those cases dealt with the duty of the insureds to cooperate with the insuror where the company was attempting to control both sides of the litigation by exercise of its right to defend counterclaims against the insured and requiring its insured to cooperate in that defense. In such a conflict of interest situation, this court has relieved insureds of their duty to cooperate only to the extent that such cooperation would effectively surrender control of the litigation to the insuror. *Wheeler v. Creekmore,* supra. That situation does not exist in this case. By denying State Farm such information reasonably necessary to its performance under the contract, the Temples did not breach the cooperation clause of the policy, but did breach a valid condition precedent to their coverage.

The judgment is affirmed.

All concur.