97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Neil OLSON; Carolyn Olson, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 95-55012.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided Aug. 30, 1996.
 
 Before: REINHARDT, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs-Appellants Neil and Carolyn Olson filed a ten-count complaint against their homeowners' insurance carrier, defendant-appellee State Farm. The Olsons based their claims on (1) State Farm's refusal to cover the damage sustained to the Olsons' home as a result of a landslide, and (2) State Farm's refusal to provide the Olsons with independent counsel in a suit ("the Zeman suit") brought against the Olsons by a neighbor who was also insured by State Farm. The district court granted State Farm's motion to dismiss the Olsons' amended complaint as to those claims relating to State Farm's refusal to cover the Olsons' property damage. The district court granted summary judgement for State Farm on the claims relating to its refusal to provide independent counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 DID THE DISTRICT COURT ERR IN DISMISSING THE CLAIMS IN THE OLSONS' FIRST AMENDED COMPLAINT THAT RELATED TO STATE FARM'S REFUSAL TO INDEMNIFY THE OLSONS?
 
 
 4
 The Olsons' First Amended Complaint alleged that the damage to their property was attributable to the accumulation of water from a leaking pipe beneath their home. The district court concluded that the leaking water had mixed with the earth to cause the landslide that damaged the Olsons' property, and thus recovery was barred pursuant to the "earth movement" exclusion found in the "Losses Not Insured" provision of the State Farm policy. We agree with the district court.
 
 
 5
 Paragraph 3 of the "Losses Not Insured" section of the Olsons' policy provides that no coverage is available for
 
 
 6
 any loss which is caused by one or more of the items below, regardless of whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
 
 
 7
 ....
 
 
 8
 b. Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to landslide, mudflow, sinkhole, subsidence, and erosion.
 
 
 9
 (emphasis added). The Olsons argue that the exclusion for "earth movement combined with water" does not bar recovery. The Olsons assert that (1) the language "whether combined with water or not" merely "modifies" the phrase "Earth Movement" and "is not a separate exclusion," (2) "caused by water" is different than "combined with water," and the policy only excludes the latter, and (3) "[w]hether or not the earth movement was mixed with water, the earth movement came later in the chain of causation, subsequent to the efficient proximate cause, therefore State Farm is required to provide coverage."
 
 
 10
 The Olsons' arguments are unconvincing. First, labeling the phrase "whether combined with water or not" a "modification" of the earth movement exclusion does not have any practical or legal significance. The plain meaning of the provision is that both earth movement combined with water and earth movement not combined with water are excluded from coverage.
 
 
 11
 Nor does the argument that "combined with" is different than "caused by" carry the day for the Olsons. In this case, water leaking from a pipe beneath the Olsons' property did "combine with" the soil under their house. See, e.g., Webster's 3d International Dictionary (1986) (defining "combine" as "to bring into close relationship" and "to cause (as to two or more things or ideas) to mix together: mingle, blend"). Because the mixing and blending of earth and water resulted in the landslide that damaged the Olsons' house, the Olsons' attempt to distinguish between "combined with" and "caused by" is unpersuasive.
 
 
 12
 Finally, the Olsons argue that each link in the causal chain must be examined separately. The Olsons contend that even if "earth movement combined with water" was the final link in the causal chain, earth movement, which is excluded under the policy, was caused by the accumulation of water from a leaking pipe, which is not excluded under the policy. The Olsons conclude that water accumulation was the "efficient proximate cause" of the landslide, and thus they are entitled to recover for damage sustained as a result of the landslide. See State Farm Fire and Casualty Co. v. Von der Lieth, 820 P.2d 285, 291 (Cal.1991) ("When a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss.").
 
 
 13
 The Olsons' attempt to isolate "water" as a cause of the landslide and thereby evade the "earth movement combined with water" exclusion is unavailing. The exclusion encompasses both earth movement and water as causes and denies coverage when, as in this case, damage is caused by a combination of the two. The district court correctly concluded that the Olsons' claim falls squarely within the exclusion.
 
 
 14
 The Olsons' reliance on Von der Lieth is misplaced. The separate exclusions at issue in Von der Lieth--"Earth Movement" and "Water Damage"--are not equivalent to the "earth movement ... combined with water" exclusion found in the Olsons' policy. Von der Lieth simply does not address an "earth movement ... combined with water" exclusion.
 
 
 15
 DID THE DISTRICT COURT ERR IN GRANTING SUMMARY JUDGMENT FOR STATE FARM ON THE OLSONS' CLAIM THAT STATE FARM BREACHED THE COVENANTS OF GOOD FAITH AND FAIR DEALING BY REFUSING TO IMMEDIATELY PROVIDE INDEPENDENT COUNSEL IN THE ZEMAN ACTION?
 
 
 16
 Under California law, an insurer breaches the implied covenants of good faith and fair dealing by unreasonably denying benefits to its insured. Gourley v. State Farm Mutual Auto. Ins. Co., 822 P.2d 374, 377-78 (Cal.1991) (in bank). The insured does not act unreasonably if there is a genuine issue under California law as to the nature and/or extent of a benefit. Opsal v. United Servs. Auto. Ass'n, 10 Cal.Rptr.2d 352, 357 (Cal.Ct.App.1991).
 
 
 17
 The district court granted State Farm's Motion for Summary Judgment on the Olsons' claim that State Farm breached the covenants of good faith and fair dealing by refusing to immediately provide the Olsons with independent counsel to defend the Zeman suit. The Olsons challenge the district court's decision to grant State Farm's Motion for Summary Judgment on essentially three grounds. First, the Olsons contend that the district court erred in concluding that State Farm's refusal to appoint independent counsel was not unreasonable in light of O'Morrow v. Borad, 167 P.2d 483 (Cal.1946). Second, the Olsons argue that the district court erroneously failed to address the part of their breach of good faith claim based on San Diego Navy Federal Credit Union v. Cumis Ins. Soc'y, 208 Cal.Rptr. 494 (Cal.Ct.App. 1984). Finally, the Olsons assert that the district court erroneously failed to address State Farm's allegedly unreasonable failure to investigate and allegedly unreasonable failure to advise the Olsons of their right to independent counsel.
 
 
 18
 WAS STATE FARM'S FAILURE TO IMMEDIATELY APPOINT INDEPENDENT COUNSEL UNREASONABLE IN LIGHT OF O'MORROW?
 
 
 19
 State Farm did not act unreasonably in failing to immediately recognize an O'Morrow duty to provide the Olsons with independent counsel. In O'Morrow, the California Supreme Court held that when the same insurance company insures two policyholders who are on opposite sides of a liability lawsuit, and one policyholder retains independent counsel rather than accepting a company-appointed, potentially conflict-ridden attorney, the insurance company is required to reimburse the policyholder who retained independent counsel for reasonable attorney's fees. O'Morrow, 167 P.2d at 487. However, O'Morrow has never been cited for the proposition that independent counsel must be provided whenever an insurance company represents policyholders on opposite sides of a lawsuit. See, e.g., St. Paul Fire and Marine Ins. Co. v. Weiner, 606 F.2d 864, 870 (9th Cir.1979) (citing O'Morrow for the general proposition that "[u]nder California law, an insurer must provide individual counsel for the parties where there is a potential conflict of interest"); Purdy v. Pacific Auto. Ins. Co., 203 Cal.Rptr. 524, 534 (Cal.Ct.App.1984) ("It has long been the law in this state that when a conflict develops, the insurer cannot compel the insured to surrender control of the litigation, and must, if necessary, secure independent counsel for the insured."). Thus, it was not unreasonable for State Farm to decline to provide independent counsel, since (1) a pure O'Morrow rule had never been given effect in California courts, and (2) to the extent O'Morrow has been relied upon by state and federal courts, it had been cited only for the general proposition that counsel must be provided once a conflict develops and not whenever two policyholders clash.
 
 
 20
 DID THE DISTRICT COURT ERRONEOUSLY FAIL TO ADDRESS THE PART OF THE OLSONS' BREACH OF GOOD FAITH CLAIM BASED ON CUMIS?
 
 
 21
 The Olsons contend that the district court failed to address the alleged breach by State Farm of its duty to provide independent counsel pursuant to San Diego Navy Federal Credit Union v. Cumis Ins. Soc'y, 208 Cal.Rptr. 494 (Cal.Ct.App.1984). A review of the district court's Order Granting Defendant's Motion for Summary Judgment disposes of the Olsons' claim. The district court clearly addressed and resolved the Olsons' Cumis-based claim:
 
 
 22
 The Court did not reach the merits of the Cumis issue when granting summary judgment for the Olsons. The basis of the Court's ruling was O'Morrow v. Borad. [Defendant's motion for summary judgment] must be denied unless State Farm's conduct was reasonable as a matter of law under both Cumis and O'Morrow.
 
 
 23
 There is no Cumis conflict unless the issues raised in the litigation coincide with the issues raised by the reservation of rights. In the Zeman action, the issue in litigation was the cause of the damage. The reservation of rights pertained to the ownership of the damaged property and whether the damage was of a kind covered by the policy. It appears there was a genuine issue under California law whether State Farm had a duty to provide independent counsel. The Olsons present no evidence or argument on this motion to show State Farm's conduct was unreasonable in light of Cumis.
 
 
 24
 Order Granting Defendant's Motion for Summary Judgment at 2-3 (citations omitted). The district court clearly considered and rejected the Olsons' claim that State Farm breached its duty of good faith by refusing to provide independent counsel pursuant to Cumis.[1]
 
 
 25
 The cases cited by the Olsons, Previews, Inc. v. California Union Ins. Co., 640 F.2d 1026 (9th Cir.1981), Golden Eagle Ins. Co. v. Foremost Ins. Co., 25 Cal.Rptr.2d 242 (Cal.Ct.App.1993), and Executive Aviation, Inc. v. National Ins. Underwriters, 94 Cal.Rptr. 347 (Cal.Ct.App.1971), do not require reversal. Those cases simply do not establish that State Farm's determination that the issues in Zeman did not give rise to a conflict was unreasonable.
 
 
 26
 DID THE DISTRICT COURT ERRONEOUSLY FAIL TO ADDRESS STATE FARM'S ALLEGEDLY IMPROPER FAILURE TO INVESTIGATE AND ALLEGEDLY IMPROPER FAILURE TO ADVISE THE OLSONS OF THEIR RIGHT TO INDEPENDENT COUNSEL?
 
 
 27
 The Olsons contend that the district court did not address the allegations that State Farm breached its duty of good faith by failing to thoroughly investigate the landslide and by failing to advise the Olsons of their right to independent counsel. The district court properly disposed of those claims below.[2]
 
 
 28
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 29
 I dissent. I would not reach the question discussed in the majority disposition regarding the applicability of the policy to a landslide caused by a mixture of earth and water. The first amended complaint raises no such issue. Thus, the motion to dismiss was improperly granted. I do not believe, incidentally, that we could save the decision below by treating the motion to dismiss as a motion for summary judgment, given the absence of notice of any such conversion. I express no view as to whether the majority is correct in its construction of the policy.
 
 
 30
 I would also find both that State Farm had a duty to make independent counsel available to the Olsons under the general rule that an insurer must provide for independent counsel when a conflict of interest exists between the insurer and the insured, see, Cal.Civ.Code § 2860; San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, 208 Cal.Rptr. 494 (1985), and that State Farm acted unreasonably in failing promptly to fulfill that obligation to the Olsons.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Not only did the district court address the Olsons' Cumis claim, but the court also correctly concluded that no genuine issue of material fact exists as to the reasonableness of State Farm's actions. State Farm was not clearly required to provide independent counsel, and its conclusion that the issues to be adjudicated in the Zeman suit did not give rise to any conflict was not unreasonable. See Order Granting Defendant's Motion for Summary Judgment at 3-4
 
 
 [2]
 It is true that the court did not mention or analyze the failure to investigate and advise allegations in its order granting summary judgment. Judge Taylor did, however, note at the summary judgment hearing that he did not read State Farm's motion as "a limited motion, I read it as an across the board motion for summary judgment covering all issues, all aspects of it." Moreover, the order and judgment signed by Judge Taylor grants State Farm's motion for summary judgment in its entirety and provides that a "complete judgment" had been entered on the Olsons' First Amended Complaint