NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

L.A. TERMINALS, INC.; SOCO WEST, INC.,

Plaintiffs-Appellees,

v.

UNITED NATIONAL INSURANCE COMPANY,

Defendant-Appellant.

No.   23-55483

D.C. No.
8:19-cv-00286-ODW-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted March 4, 2025
Pasadena, California

Before:  IKUTA and CHRISTEN, Circuit Judges, and LIBURDI,[**] District Judge.

Defendant-Appellant United National Insurance Company (United) appeals

the district court's orders: (1) granting summary judgment in favor of L.A.

Terminals, Inc. and Soco West, Inc. (LAT/Soco); and (2) awarding defense costs

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

to LAT/Soco. Because the parties are familiar with the facts, we do not recount them here. We review de novo an order granting summary judgment, *Crowe v. Or. State Bar*, 112 F.4th 1218, 1229 (9th Cir. 2024), and review an order denying a Rule 59(e) motion for abuse of discretion, *EHM Prods., Inc. v. Starline Tours of Hollywood, Inc.*, 1 F.4th 1164, 1170–71 (9th Cir. 2021). We affirm in part and reverse in part.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291 because the district court entered a final, appealable order when it denied without prejudice the parties' Rule 59(e) motions. We consider "what effect the court intended [the order] to have, rather than the label placed upon it." *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994). Although the district court indicated the parties could renew their respective Rule 59(e) motions, the court also stated that it intended to take "no further action" because it lacked jurisdiction while this appeal was pending. After this court denied without prejudice LAT/Soco's motion for a limited remand, the district court denied LAT/Soco's motion for an indicative ruling. Viewing the district court's orders to "give effect to the intention of the court," *see Zucker v. Maxicare Health Plans Inc.*, 14 F.3d 477, 483 (9th Cir. 1994) (citation omitted), we conclude that the court intended its denial of the parties' Rule 59(e) motions to be final.

2. We affirm the district court's order that United owed LAT a duty to

2

defend beginning May 4, 2018, the date LAT tendered the City of Los Angeles's (the City) complaint to United. The duty to defend is broad and requires an insurer to defend its insured against claims that "create a potential for indemnity" under the policy. *Montrose Chem. Corp. v. Superior Ct.*, 861 P.2d 1153, 1157 (Cal. 1993) (en banc) (citation omitted). LAT/Soco bore the initial burden to establish that there was "any *potential* that the release or escape of at least some of the pollutants was 'sudden and accidental.'" *Vann v. Travelers Cos.*, 46 Cal. Rptr. 2d 617, 621 (Ct. App. 1995); *see also Aydin Corp. v. First State Ins. Co.*, 959 P.2d 1213, 1215 (Cal. 1998). LAT/Soco carried that burden. The complaint's use of the phrases "during L.A. T[erminals]' multi-decades long tenancy," "[s]ince 1947," and "released and continuing to be released," can be read to suggest that the releases occurred gradually over decades. But because "'sudden' refers to the pollution's commencement and does not require that the polluting event terminate quickly or have only a brief duration" under California law, *Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 15 Cal. Rptr. 2d 815, 841–42 (Ct. App. 1993), LAT's contribution to the alleged contamination could have been "sudden" within the meaning of the policies' exception to the qualified pollution exclusion. As LAT's excess insurer recognized when it offered to defend LAT under policies with identical language, because the City's claim was potentially covered by the policies, United's duty to defend arose when LAT tendered the complaint to

3

United. *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005).

The burden then shifted to United to show that the City's complaint "can by no conceivable theory raise a single issue which could bring it within the policy coverage." *Montrose*, 861 P.2d at 1160 (emphasis omitted) (quoting *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176 n.15 (Cal. 1966) (en banc)). United argues on appeal that California courts have made clear that the "sudden and accidental" exception does not apply where the insured "repeatedly discharg[es] contaminants" for decades. *See A-H Plating, Inc. v. Am. Nat'l Fire Ins. Co.*, 67 Cal. Rptr. 2d 113, 121 n.11 (Ct. App. 1997); *Am. States Ins. Co. v. Sacramento Plating, Inc.*, 861 F. Supp. 964, 971 (E.D. Cal. 1994). But the City's complaint does not specify whether the contamination occurred gradually as a byproduct of the tenants' regular courses of business or whether the contamination occurred suddenly during LAT's tenancy. The City's complaint alleges that the contamination occurred "during" the fifty-year period, that each of the defendants contributed, and that there were multiple different contaminants. Thus, the complaint does not foreclose the possibility that one or more sudden discharges occurred during LAT's tenancy. United failed to carry its burden.

3.    United's reservation of rights created a conflict requiring United to provide independent counsel to LAT/Soco. *See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 208 Cal. Rptr. 494 (Ct. App. 1984); Cal. Civ.

4

Code § 2860. Although an insurer does not necessarily create a conflict merely by defending two parties seeking damages from each other in the same lawsuit, a conflict does exist where "the insurer may be subject to substantial temptation to shape its defense so as to place the risk of loss entirely upon the insured," and independent counsel is necessary in those instances to protect the insured's interests. *Tomerlin v. Canadian Indem. Co.*, 394 P.2d 571, 577 (Cal. 1964) (en banc) (citing *O'Morrow v. Borad*, 167 P.2d 483, 486 (Cal. 1946)). United reserved its right to deny indemnity if LAT/Soco's contribution was "sudden," which does not merely present the question "*when* certain damages occurred," but rather the question whether certain damages fell within the scope of coverage. *Fed. Ins. Co. v. MBL, Inc.*, 160 Cal. Rptr. 3d 910, 924 (Ct. App. 2013). The reservation of rights gave United both the motive and opportunity to defend more vigorously against a liability theory based on sudden as opposed to gradual pollution. Strategizing in defending the case this way "would be to the financial advantage of" United, creating a conflict and giving rise to a duty on United's part to provide independent counsel. *See O'Morrow*, 167 P.2d at 486; Cal. Civ. Code § 2860.

4.     LAT/Soco did not fail to mitigate their damages by declining their excess insurer's offer to defend against the City's lawsuit. An insured cannot recover for harm it "could have foreseen and avoided by such reasonable efforts and without undue expense." *Brandon & Tibbs v. George Kevorkian Acct. Corp.*,

5

277 Cal. Rptr. 40, 51 (Ct. App. 1990) (citing *Spurgeon v. Drumheller*, 220 Cal. Rptr. 195, 198 (Ct. App. 1985)). LAT/Soco had no obligation to accept a defense from their excess insurer pursuant to their declining limits policies because doing so would have diminished the amount of liability coverage—an "undue expense." *Id.*; *cf. Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp.*, 31 Cal. Rptr. 3d 43, 52 (Ct. App. 2005) (holding that an insured who *accepts* the defense of an excess insurer will not be able to show that it suffered contract damages against its primary insurer).

5. United was entitled to a jury trial on the amount of defense costs LAT/Soco incurred between the date of its tender and the date of the district court's summary judgment order, but United was not entitled to a jury trial on the amount of LAT/Soco's costs to defend the ongoing action between the City and LAT/Soco that were continuing to accrue after the date of the summary judgment order.[1] The Seventh Amendment applies to proceedings in federal court, *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 432 (1996), but the right to a jury trial does not attach to equitable claims, *Curtis v. Loether*, 415 U.S. 189, 193 (1974). Here, because the underlying litigation was still ongoing when the district court ordered United to pay LAT/Soco's defense costs, the court's order granted

---

[1] Because we affirm in part and reverse in part the district court's order on the payment of defense costs, we do not address whether the district court erred in denying without prejudice United's Rule 59(e) motion to alter or amend that order.

6

both retrospective and prospective relief. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1221 (10th Cir. 2009). At the hearing the district court scheduled to determine the amount of the arrearage, the court acknowledged that United owed, but had not paid, the defense costs that had accrued after the tender, and that those damages were readily determinable. The district court thus erred in depriving United of its right to a jury trial on the reasonableness of the defense costs LAT/Soco had already incurred as a result of United's breach of contract.

With respect to the prospective relief, the district court correctly observed that where an insured owes a duty to defend against an ongoing lawsuit, California law requires that the insurer must pay ongoing defense costs on an interlocutory basis. *See Am. Motorists Ins. Co. v. Superior Ct.*, 80 Cal. Rptr. 2d 621, 624 (Ct. App. 1998) (construing an insured's request that the trial court order the insurer pay defense costs as granting equitable relief). Because this claim for immediate payment of defense costs was equitable, the district court did not deprive United of its right to a jury trial when it ordered United to pay LAT/Soco's prospective, ongoing defense costs.[2]

**AFFIRMED in part and REVERSED in part.**

---

[2] Each party shall bear their own costs on appeal.